CARTLEDGE *v.* PIERPONT MANUFACTURING COMPANY.

120  221
123  38

SIMMONS, C. J. It not appearing that the machinery or appliances furnished to the plaintiff were in any way defective, or that the dangers against which it was alleged that the defendant negligently failed to warn him were such that the plaintiff had no equal means with the defendant of knowing of them, the grant of a nonsuit was not erroneous.

*Judgment affirmed. All the Justices concur.*

Argued April 11, — Decided May 12, 1904.

Action for damages. Before Judge Norwood. City court of Savannah. August 13, 1903.

A circular rip-saw revolved in a groove in the center of an iron table. Timber was fed to it over a roller in front of the machine, and by means of a feeder — a small round wheel, somewhat similar to a saw, suspended over the rip-saw. The plaintiff, in the

course of his work for the defendant, had just put a piece of timber through, and stooped to get another piece. As he rose a piece of the board he had put through broke off, was hurled back, and struck him in the mouth, inflicting very severe injuries. He did not know that such a thing had ever before happened, and previously knew nothing of any liability of it to happen. He was no machinist, but he thought a board could have been thrown up in front of the saw, to guard and prevent the timber from flying back. This machine had no such guard. The injuries occurred about a month and a half after he entered the defendant's employment. He had previously worked as a weaver on looms in a cotton mill, for three or four years. His first work for the defendant was on a box-planer, a small machine with three knives, very simple to run; then on "cover circular saws," unlike the rip-saw on which he was hurt. He had run this rip-saw about four days when hurt. He had not before worked on machinery having saws. He was put to work on this saw by Pierpoint, the general foreman and supervisor of the defendant's mill, who put the hands to work. Pierpoint set the saw for him, and showed him how to run it. He gave no instruction in regard to any danger in running it. The plaintiff did not know whether such machines were dangerous or not. He could not say whether there was any reason for the defendant to suppose the accident would happen or not. There was nothing to put him on notice at any rate. An experienced man would have known of the danger. In pushing the board over the roller his duty did not require him to see that the board had gone entirely through the saw before he attempted to do anything else; but as soon as the board got over the roller he fed another to the saw. This was necessary to keep the machine running. The board would be carried through the saw without assistance when it got over the roller. He could not say what caused the board to break, or whether or not anything was the matter with the machine. It seemed to be in good order; but if it were not, he would not have known, as he was green.

*Charles V. Hohenstein* and *P. W. Meldrim,* for plaintiff.

*O'Connor, O'Bryne & Hartridge* and *J. R. Anderson,* for defendant.