9666.  JONES v. MALLORY STEAMSHIP COMPANY.
</div>

JENKINS, J.   1. It is the duty of the master to furnish to the servants in his employ safe appliances for their labor, and a reasonably safe place in which to work.

2. This latter obligation does not require him to keep the place where they are employed in a safe condition at every moment of their work, so far as its safety depends on the due performance of that work by them and their fellow-servants. *Byrd* v. *Thompson,* 146 *Ga.* 300 (91 S. E. 100).

3. Where proper appliances are furnished, and an injury to a servant is occasioned, not by reason of a defect therein, but on account of the negligence of fellow-servants in failing to properly use them, the master is not liable. *Fraser* v. *Smith & Kelly Co.,* 136 *Ga.* 18 (70 S. E. 792); *Henderson* v. *Ocean Steamship Co.,* 15 *Ga. App.* 790 (84 S. E. 230).

4. There being no allegation in the petition in this case charging negligence on the part of the defendant in not inspecting the gang-plank, the failure to properly secure which caused the plaintiff's injuries, and it appearing from the testimony of the plaintiff himself that the placing and securing of the gang-plank was one of the ordinary duties of

himself and his fellow-servants, the court did not err in excluding the following question and the plaintiff's answer thereto: Question: "Whose business was it to have fixed that gang-plank?" Answer: "It was our foreman's business to see that it was fixed right." But conceding that the master was negligent in not seeing that the gang-plank was properly secured, the plaintiff himself having testified that he could have discovered this by merely glancing at it before he stepped upon it, the court did not err in granting a nonsuit. *Ludd* v. *Wilkins*, 118 *Ga.* 525 (45 S. E. 429); *Henderson* v. *Ocean Steamship Co.*, supra.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*

DECIDED JANUARY 14, 1919.

Action for damages; from Glynn superior court—Judge Highsmith. January 24, 1918.

*Francis H. Harris, D. W. Krauss,* for plaintiff.

*Bennet, Twitty & Reese,* for defendant.