The Richmond and Danville Railroad Co. *v.* Dickey.

1. The allegation in the declaration that "the defendant was negligent in not providing proper rules and orders for the transaction of business in its yard" was not sustained by the evidence.
2. There is no negligence in the construction of machinery which, when properly used in the ordinary manner, is safe under all conditions which will probably arise in any and every instance of such use. Hence, although it may have a defect, yet if that defect be one which does not interfere with its safe and proper use with reference to the purpose for which it was constructed, an injury to an employee's hand while accidentally in contact with the defective part of the machinery, but which was very unlikely to occur, cannot be attributed to negligence on the part of the company in the construction of the machinery.

3. Taking into consideration the emergency in which, under the evidence, the plaintiff and his co-employee were acting when the latter, by applying the brake, caused the injury to the former, neither of them was guilty of negligence, and it satisfactorily appears that the crushing of the plaintiff's hand was simply one of those unfortunate accidents incident to a business of this kind.
4. The presumption which the law raises against the company having been removed by the evidence, there should have been no recovery for the plaintiff, and it was error to refuse a new trial.
October 24, 1892.

Railroad employee. Negligence. Machinery. Before Judge WESTMORELAND. City court of Atlanta. March term, 1892.

JACKSON & JACKSON, for plaintiff in error.
BURTON SMITH and W. H. POPE, *contra.*

LUMPKIN, Justice.

1. Among other acts of negligence alleged in the declaration was that stated in the first head-note. After a careful and laborious examination of the evidence as contained in the record, we have been unable to find any proof sustaining this charge, and have ruled accordingly.

2. The purpose for which an ordinary brake is attached to a railroad car is to afford a means of readily stopping it, or checking its speed, when the car is in motion, by turning a wheel at the top of a brake-rod. If such a brake was so constructed that it would not properly perform this work when thus operated, and as a consequence of its defective construction an employee of the company should be injured while attempting to operate it in this manner, he being himself free from negligence, the company would be liable; but where, by reason of a defect in the brake, an accidental injury occurs, but it is one which could not reasonably have been anticipated in the usual working of the brake as a probable consequence of such defect, the company should not be held liable.

The plaintiff in this case, for the purpose of stopping

the car (under circumstances which will be stated in the next division of this opinion), placed his hand in a "bracket" under the car in which the brake-rod turned, and another employee having turned the wheel on the top of this rod for the purpose of applying the brake, plaintiff's hand was crushed by a bolt which, running through and projecting from the bottom of the rod, connected and fastened the brake-chain to the same. His contention was, and the evidence supported it, that this bolt was unnecessarily long; and that had it been shorter, he would not have been hurt. Assuming all this to be true, there is no reason for concluding, or even supposing, it was ever anticipated by the company that an employee would put his hand in this bracket for the purpose of stopping the car, the bracket never having been designed or intended to be so used. Consequently, even if the length of the bolt did make it unsafe for the brake to be applied while plaintiff's hand was in the bracket, there was no negligence on the part of the company in the construction of the bolt, so far as this particular occurrence is concerned. Common sense and common fairness indicate beyond question that no railroad company should be required to make all of its machinery or appliances perfectly safe as to all possible contingencies. It affirmatively appears from the evidence that no other servant of this company has ever before been injured as the plaintiff was, and there was no reason whatever for apprehending that such an injury was in the least likely to occur. It would therefore be exacting of the company a degree of diligence unusual and not required by law to hold that it should have anticipated and provided against an injury of this kind.

3, 4. The evidence was quite voluminous, but the most material facts are about as follows: The plaintiff, together with several other employees of the company,

was engaged in pushing an empty flat-car along a railroad track in the company's yard. This car was about to collide with another car on the same track, the end of which was supported upon "jacks." An employee at work upon the latter car, seeing that a collision would result, not only in damage to the company's property, but most likely in injury to some of his fellow-servants engaged with him in making repairs upon the stationary car, sprang upon the flat-car and, without notice to those who were moving the same, hastily applied the brake by turning the brake-wheel. Immediately before this occurred, the plaintiff had put his hand in the bracket under the car, and by pulling backward, also was endeavoring to stop the car. He did not observe that the brake was about to be applied, nor did his co-employee who applied the brake know that plaintiff's hand was in the bracket. According to the evidence, it was perfectly proper and safe to turn the brake-wheel if no one's hand was in the bracket, and there was no danger in having one's hand there so long as the wheel remained still. Both of these men were acting in an emergency, and in perfect good faith. Each was doing that which suggested itself to him as proper to avert the threatened danger. There was no time for circumspection or deliberation, and each was honestly doing his best to prevent a catastrophe. Under such circumstances, neither could fairly be held to that degree of diligence which should be observed when there is no occasion for prompt and hurried action. Nor was this emergency brought about by any act of the employee of whose conduct on that occasion the plaintiff complains. If negligence in this respect be attributable to any one, it can be charged only to those engaged in moving the car. The employee who applied the brake was not one of those so engaged, and it was not until the emergency was at hand that he had any occasion to

act at all with reference to the moving car. Plaintiff, on the other hand, *was* one of those employed in moving the car, and as he directly contributed to bringing on the impending peril, he cannot complain that one who endeavored to avert the consequences of his act did not, in the excitement attending the moment, act with that degree of coolness and circumspection which might and should be expected upon far different and less trying occasions. Manifestly the plaintiff did not apprehend that the brake was about to be turned, or he would have taken his hand from the dangerous place. It is equally certain that the man who applied the brake neither saw, nor could have seen, that plaintiff's hand was in the bracket under the car. Just such a combination of circumstances as these results in what is properly termed an "accident." The accident in this case could not fairly be attributed to the negligence of either party concerned, and consequently it was unavoidable. It was one of those unfortunate occurrences incident to a business of this kind; and the law being that every employee must take the risk and hazard of such accidents, the plaintiff was not entitled to a recovery. A corporation is neither more nor less liable than an individual would be under the same state of facts. If the plaintiff had sued the party who put on the brake, he could not have recovered, for the conduct of the latter in the emergency in which he acted was not only reasonable, but, as has been already stated, free from negligence. He was endeavoring to save the property of his employer and the lives or limbs of his fellow-servants, and he did what any reasonably prudent and careful man would have done in his situation. If an action by the plaintiff against him could not be sustained, no more could it be sustained against the company itself, for this man, on this particular occasion and as to this particular occurrence, was the sole represent-

ative of the company, and his conduct was the conduct of the company so far as the question of negligence or diligence is concerned. The court erred in refusing a new trial.                                    *Judgment reversed.*