## SMITH v. ACME MILLING CO.

No. 1808.  Opinion Filed May 14, 1912.

Rehearing Denied August 20, 1912.

(126 Pac. 190.)

1. **MASTER AND SERVANT** — Injuries to Servant — Negligence. Plaintiff was employed as a miller in a corn-chop mill; part of his duties being to keep the hopper, a V-shaped arrangement, from becoming clogged by silks, husks, and pieces of cob. In doing this he would run his fingers along the vertex of the hopper and lift out such particles of matter as impeded the passage of the corn into the rollers; and in doing this on the day of the injury his fingers were caught in the coil of a wire, which, by some unknown means, had fallen into the hopper, and at the instant he put his finger into the coil the other end of the wire became entangled in the rollers beneath and jerked his hand down between the jaws of the hopper, mashing and mangling

it so as to render amputation necessary. The evidence failed to show any defect in the machinery or appliances, or any act of negligence on the part of defendant or any of the employees, and failed to show where or how the wire got into the hopper, or that its presence there was reasonably due to the negligence of any one. Held, there being no evidence tending to show that the injury was caused by any act of negligence on the part of defendant, or because defendant had failed to perform any duty which it owed to the plaintiff, it was not error for the court to instruct a verdict for defendant.

2.  NEGLIGENCE—Definition. Negligence is a term used in law expressive of some act which, under the circumstances, should not have been done, or the failure to do something which, under the circumstances, should have been done; and the jury has no exclusive province in the matter, unless there is an issue as to the existence of such an act of omission or commission as in law would constitute negligence.

3.  MASTER AND SERVANT—Injuries to Servant—Res Ipsa Loquitur. Where a miller was injured by his hand being drawn into the hopper of a corn mill by a piece of wire which he was attempting to remove, the doctrine res ipsa loquitur was not applicable, in the absence of any evidence that the wire came through with the corn from the machinery above, or to indicate that it might not have gotten into the hopper solely through accidental means.

(Syllabus by Harrison, C.)

*Error from District Court, Oklahoma County;*
*R. H. Loofbourrow, Assigned Judge.*

Action by Golda F. Smith against the Acme Milling Company. Judgment for defendant, and plaintiff brings error. Affirmed.

*W. R. Taylor, Jas. R. Lewis,* and *Everest, Smith & Campbell,* for plaintiff in error.

*Ross & Moss,* for defendant in error.

Opinion by HARRISON, C. This cause was filed in the district court of Oklahoma county in October, 1908; the petition alleging that plaintiff was a miller by trade, 28 years of age, and, prior to the accident complained of, was in sound physical health and capable of earning, and was earning, $2 a day at his trade; that for more than a year prior to the injury he had been in the employment of defendant company as a miller, whose duty it was to superintend the operation of the corn-chop rolls

in said mill; that the machinery, the operation of which it was his duty to superintend, consisted of a V-shaped hopper into which the corn was fed from the machinery on the floor above, the corn being shaken through such V-shaped hopper so as to be caught between the rolls, which operated just beneath the hopper in grinding the corn into chops; that the opening between the lower jaws of the hopper, being narrow, so as to prevent the corn from running into the rolls too rapidly, frequently became clogged with pieces of cob, husks, and other substance, thereby rendering it necessary for such hopper to be frequently cleaned out, so as to allow the corn to escape between the lower jaws of the hopper into the rolls; that when same became clogged it was necessary for the plaintiff to run his hand down into the hopper and clean out the clogging substances; that at the time plaintiff was employed by defendant he was. informed by defendant, through the president, manager, and head miller, that the corn which passed through the aforesaid hopper into the rolls would be properly screened and cleaned on the floor above and be free of all foreign substances or material before it came into the spout which led into the hopper in question; that it was impossible for plaintiff on the floor on which he operated to know what was in the corn until it came into the hopper on his floor; that on July 9, 1908, while in the discharge of his regular duties, the hopper became clogged, and that plaintiff, as had been his practice theretofore, put his hand into the hopper, running his fingers along the lower jaws of same, got his fingers caught in the coils of a wire, which by some means had got into the hopper, and such wire, becoming fastened in the rolls beneath and coiled around his finger, pulled his hand down between the jaws of the hopper, crushing and mangling his hand so as to render it necessary to have same amputated at the wrist, with the exception of the thumb and the bones of his right hand leading from the wrist to the thumb, leaving after amputation only the thumb. It further alleged that such wire got into the hopper through the negligence of the operators on the floor above, and that said injury and loss of his hand was approximately caused by the negligence of defendant in allowing said wire to get into the corn;

further alleging that by reason of such injury he had been incapacitated from labor since the date of the injury, and would be so incapacitated for the rest of his life, and was damaged thereby in the sum of $7,500.

Defendant demurred, which demurrer was overruled, and then answered, denying that it had been guilty of any manner of negligence or any degree of negligence from which plaintiff's injuries resulted, and interposed the further defense that, if such injury was caused by or through the negligence of any one, it was the negligence of plaintiff in failing to exercise ordinary care in the performance of his work, in that it was wholly unnecessary for plaintiff, in feeding such corn-chop rolls, or cleaning out the hopper above the same, to project his hand into the machinery as he had done at the time the injury occurred. After wards plaintiff replied, denying all the allegations not put in issue by his petition.

On July 25th, upon the issues thus joined, the cause went to trial. Upon the conclusion of plaintiff's evidence, defendant demurred to same. After hearing argument on the demurrer, the court overruled the demurrer, saying:

"Gentlemen, in this case I think I have revolved in my own mind every phase of the question involved; and I believe that under the evidence and the law the plaintiff has made a *prima facie* case, and the demurrer to the evidence is overruled."

Defendant excepted to the ruling, and thereupon offered evidence in defense of plaintiff's allegation of negligence on defendant's part.

After the case was closed, after the evidence was all in, the defendant moved the court for a verdict in favor of defendant, for the reason that the evidence was wholly insufficient to support a verdict against defendant. Whereupon the court instructed the jury as follows:

"Gentlemen of the jury, after hearing the argument of counsel and hearing the evidence in this case, I am forced to the conclusion that this was purely an accident, this unfortunate matter, and such an accident as can be attributed to no one. You cannot say who was responsible for that wire being in the corn. The machinery was modern, improved, and up to date, and in fairly good working order, and that wire got in in some way, no

one knows how. The law, under such circumstances, would not authorize you to return a verdict in this case for the plaintiff; and therefore I am taking the responsibility upon myself and instruct you to return a verdict for the defendant."

Plaintiff excepted to the instruction and to the verdict, presented motion for new trial, which was overruled and judgment upon such verdict rendered, from which plaintiff appeals to this court.

The petition in error contains six assignments; but all in effect go to, or are involved in, the question whether the court erred in instructing a verdict for defendant. Counsel for plaintiff in error cite a well-selected line of authorities in support of their contention that, a *prima facie* case having been proved by plaintiff, and having been denied by defendant, it was for the jury to decide whether there was negligence, and whether such negligence was the proximate cause of the injury, and therefore error for the court to take such issue from the jury. It might be appropriate, in this connection, to say that from an examination of the authorities cited, while some of them, in some features, seem to have strained the correct rule, yet we are not disposed, nor do we deem it necessary, to dissent from the general doctrine announced, for the decisions cited are, upon the whole, based upon some actual, existing material issue; that is, an issue as to the existence of some fact which of itself would constitute negligence—a fact which had been affirmed by plaintiff, or testified to by plaintiff and denied by defendant, thereby raising an issue as to its existence. In such cases we think it clearly the province of the jury to determine from the evidence before it whether such fact exists—a province which in no case should be invaded by the court. But in a case where there is no issue as to the existence of any one fact or circumstance, or group of circumstances, which, in law, would constitute negligence, or which in themselves would raise a reasonable presumption of negligence, where the existence of any such fact, circumstance, or group of circumstances is not testified to by any witness, unless it be an injury, where the doctrine *res ipsa loquitur* applies, there is nothing for the jury to decide; and the court is within the proper exercise of its power in directing a verdict.

Negligence is a term used in law expressive of some act which, under the circumstances, should not have been done, or the failure to do something which, under the circumstances, should have been done; and the jury has no exclusive province in the matter, unless there is an issue as to the existence of such an act of omission or commission as in law would constitute negligence.

In the case at bar, it is contended by plaintiff that the doctrine *res ipsa loquitur* is applicable; that the injury was caused by the negligence of the defendant in not properly screening the corn, and thereby allowing the wire to get into the hopper, relying on the fact that the wire being in the hopper raised the presumption of negligence in screening the corn. This contention, in our opinion, would be correct if there were any evidence tending to show that the wire came through with the corn from the machinery above. This might of itself raise the inference of negligence; raise an issue which should be determined by the jury. But there is not the slightest testimony that such was the case. The plaintiff testified that he did not know how the wire got there. None of his witnesses pretended to know where it came from or how it got there. Not the slightest defect in the machinery or any of its appliances was proved by the plaintiff; nor does it appear from any of the testimony, nor from all the testimony, that the presence of the wire in the hopper, or the probability of such wire getting into the hopper through the sieves and machinery above, was a matter to be anticipated or reasonably expected and guarded against by defendant.

Plaintiff's right of recovery is based wholly upon the negligence of defendant in allowing the wire in question to get into the machinery. Such negligence must of necessity consist of some defect in the machinery above or some negligent act of some employee on the floor above. This is not shown by plaintiff. There is a total lack of evidence tending to show whether the wire came from above, or whether, by some accidental means, it dropped into the hopper from some place on plaintiff's floor. We think it is going too far to hold

that the mere presence of the wire in the hopper raises the presumption that it came through the machinery from above; the evidence showing no defect in the appliances, but showing them, on the contrary, to be so constructed as to render it very improbable that such a thing could take place at all. We think the evidence wholly fails to show that the injury was caused by a failure of defendant to do some duty which it owed to plaintiff.

It is our opinion that the court was in error when he held that a *prima facie* case had been made, and that after hearing all the evidence he corrected such error in directing a verdict for defendant, and that the judgment of the court below should be affirmed.

By the Court: It is so ordered.