**PALMER v. WICHITA FALLS & N. W. R. COMPANY et al.**

No. 7814. Opinion Filed September 12, 1916.

(159 Pac. 1115.)

### 1. Master and Servant—Injuries to Servant—Appliances—Care.

An employer has discretion concerning the tools and appliances which he will furnish his employes, providing the tools and appliances so furnished are sound and perform the work which they are designed to do; mere proof that he is using tools and appliances of a certain kind, if an accident happens in the use of them, does not tend to show negligence unless it is coupled with some evidence—not mere speculation—that they were not properly performing their function.

### 2. Same—Presumption of Negligence.

The fact that an employe is injured in the course of his employment carries with it no presumption of negligence on the part of the employer, but such negligence is an affirmative fact for the injured employe to establish by the evidence.

(Syllabus by Rummons, C.)

Error from District Court, Dewey County; T. P. Clay, Judge.

Action by Thomas D. Palmer, as administrator of the estate of E. M. Canary, deceased, against the Wichita Falls & Northwestern Railway Company and the Missouri, Kansas & Texas Railway Company. There was a judgment for defendants, and plaintiff brings error. Affirmed.

H. W. Patton and Chas. R. Alexander, for plaintiff in error.

C. C. Huff and Adams & Smith, for defendants in error.

Opinion by RUMMONS, C. This case was commenced under the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. 1913, secs. 8657–8665]), to recover for injuries alleged to have been received by plaintiff's intestate and for the death of intestate, ensuing from such injuries. Such injuries were alleged to have occurred to plaintiff's intestate while engaged in the employ of the defendants in interstate commerce.

The evidence at the trial shows that plaintiff's intestate was employed by the Wichita Falls & Northwestern Railway Company, at Trail, Okla., as a section hand, and that at the time the injuries were received by him he was engaged, with other employes of the railway company, upon a bridge over the South Canadian river, in protecting such bridge from logs and driftwood carried down against it by a flood in such river. Plaintiff's intestate and other workmen had been employed at such work for several days before the night on which the accident occurred. On the night of the accident plaintiff's intestate, with other employes was upon the bridge engaged in pulling upon a long rope, one end of which was looped over the end of logs washed against the piling sustaining the railroad bridge. Their duties consisted in pulling upon the rope after it was attached to the end of the log, so as to raise that end of the log out of the water and permit the other end of the log to swing into the current of the stream and go under the bridge. When a log was so lifted and swung into the stream and passed under the bridge, the rope would catch upon the bridge, and the end looped around the log would slip off and the rope be recovered. On one occasion, while plaintiff's intestate and his coemployes were pulling upon the rope to lift the end of the log, the noose attached to the end of the log slipped off, causing the plaintiff's intestate and the other employes pulling upon the rope to fall. Plaintiff's intestate fell across a rail upon the bridge, and several other employes fell upon him, inflicting the injuries complained of, which eventually resulted in his death. There was evidence more or less at conflict as to the seriousness of the injuries received by plaintiff's intestate by reason of this fall, and whether or not such injuries resulted in his death. At the conclusion of the evidence of plaintiff the defendants demurrer thereto, which demurrer was sustained by the court, and the jury directed to find a verdict for the defendants.

Under several assignments of error plaintiff complains of the sustaining of the demurrer to his evidence and of the direction of a verdict for the defendants. We have carefully examined the record in this case, and are unable to say that the trial court erred in sustaining the demurrer to the evidence and in directing a verdict for the defendants. There is no evidence that the rope used in the work of plaintiff's intestate was defective, nor is it claimed that the injury resulted from any defect in the rope. It is, however, suggested that other appliances might have been used by the defendants, which would have prevented the injury resulting to plaintiff's intestate. While this may be true, yet the employer has the right to select the tools and appliances with which his employes shall work, and if the tools and appliances so selected are reasonably safe and ordinary care is used by the employer in the selection of reasonably safe tools and appliances of the kind determined to be used, the employer incurs no liability. Phoe-

nix Printing Co. v. Durham, 32 Okla. 575, 122 Pac. 708, 38 L. R. A. (N. S.) 1191.

There is no evidence in the record as to what occasioned the slipping of the rope from the log at the time the fall of plaintiff's intestate occurred. No witness saw the employe whose duty it was to attach the rope to the log, and there is no evidence that the rope was negligently attached. The fact that a servant is injured in the course of his employment raises no presumption of negligence on the part of the master, and there must be evidence sufficient to establish primary negligence in the master before the servant can recover for injuries sustained in the course of his employment, nor can a recovery be had for negligence upon conjecture. There must be evidence of facts or circumstances from which the fact that the negligence of the master is the proximate cause of the injury is necessarily implied before a recovery can be had for injuries sustained by the servant. Chicago, R. I. & P. R. Co. v. Duran, 38 Okla. 719, 134 Pac. 876; Smith v. Acme Milling Co., 34 Okla. 439, 126 Pac. 190; St. L. & S. F. R. Co. v. Fick, 47 Okla. 530, 149 Pac. 1126. There being no evidence in this record of any facts or circumstances from which the negligence of the defendants would be necessarily implied, if the court had submitted the case to the jury, a verdict could have been returned for the plaintiff only upon conjecture. The trial court, therefore, committed no error in taking the case from the jury.

The judgment should be affirmed.

By the Court: It is so ordered.