26908, 26909. LEONARD *v.* GEORGIA POWER COMPANY.

DECIDED JUNE 17, 1938. REHEARING DENIED JUNE 30, 1938.

*Hollis Fort, Hollis Fort Jr., James H. Fort,* for plaintiff.

*Foley & Chappell, Dykes & Dykes,* for defendant.

FELTON, J. 1. Where an electric company maintains a high-tension electric line over a landlord's property, a cropper, operating under a contract with the landlord, stands in such relation to the electric company as the landlord as to the use and occupation of the premises to which the cropper is entitled by his contract to use and occupy.

2. Where an electric company is granted an easement over the premises for the purpose of erecting and maintaining a high-tension power line the owner of the fee is entitled to such uses of the ground covered by the easement as are not inconsistent with the purposes for which the easement is granted unless otherwise provided by contract, and in so doing the owner is not a trespasser. 9 R. C. L. 797, § 54.

3. A person having the right to use the land upon which an electric company has an easement, over which high-tension lines are built, is not a trespasser as to such company merely because he sits upon the concrete base of the metal pole and touches the pole with his hand, such conduct not being inconsistent with the electric company's use of the easement and not being in itself unreasonable or unusual.

4. An electric company is bound to know that persons are likely to sit down on the concrete bases supporting the metal poles which carry the high-tension wires, and to touch with their hands the metal poles, and it is liable for injuries due to its negligence in failing to exercise the degree of care commensurate with the danger attendant upon its failure to erect and maintain the lines so as not to cause injury to persons coming in contact with them. *Eining* v. *Georgia Railway & Electric Co.,* 133 *Ga.* 458 (66 S. E. 237) ; Curtis on Law of Electricity, 685, § 462.

5. A petition which alleges that a cropper of the owner of the

fee to the land over which an electric company owned an easement for the purpose of erecting and maintaining a high-tension electric power line, after having sat down on the concrete base which supported a metal pole to which the wires were attached, arose and placed his hand on the metal pole and was injured by a severe shock therefrom due to the negligence of the company as follows: in that the insulator on the pole was broken or cracked, and on account of the atmospheric condition and the defective insulator the electric current short-circuited, or jumped from the high-powered wire to the metal cross arm and down the metal pole; in that the metal pole did not have an independent ground wire to keep it from becoming charged with electricity; in that there was no guard built around the pole to keep persons and stock from coming in contact with it and to warn of its dangerous and defective condition; in that said pole was left as a death trap without warning as to its dangerous and defective condition, set forth a cause of action and the court erred in sustaining the general demurrer and in dismissing the petition as amended.

*Judgment reversed. Sutton and Guerry, JJ., concur, Stephens, P. J., not participating.*