31089. SOUTHERN RAILWAY COMPANY *v.* BRADSHAW.

Decided January 11, 1946.    Rehearing denied February 8, 1946.

440

*Neely, Marshall & Greene,* for plaintiff in error.

*T. J. Lewis, John T. Dennis,* contra.

PARKER, J. ■ The general rule is that an employer is under a duty to exercise ordinary care to furnish an employee with tools and appliances reasonably safe and suitable for his use. See *Southern Ry. Co.* v. *Cowan,* 52 *Ga. App.* 360, 362 (183 S. E. 331), and citations. We think that the allegation in the petition that the defendant negligently failed to provide the plaintiff with reasonably safe tools and appliances was sufficient to state a cause of action, and the general demurrer of the defendant was properly overruled. Paragraph 6 of the special demurrer, which was overruled and to which exception is taken, was directed only to that part of subparagraph (f) of paragraph 16-1/2 as follows: "It (the defendant) was negligent in ordering him (the plaintiff) to climb said tree and remove said limbs therefrom." This allegation was demurred to as being irrelevant and immaterial and inconsistent with the other allegations of the petition, and the fact that the plaintiff was under general orders to keep in order and remove the limbs of trees which might interfere with the signaling devices, and because there is no allegation upon which said allegation of negligence is based; that there was no order by any of his superior officers to climb the tree and remove the limbs therefrom at or before the time of the alleged accident and injury. The court did not err in overruling the special demurrer to the portion of the petition above quoted, for any reason assigned.

■ In an action under the Federal employers' liability act, though brought in a State court, all matters of substance are controlled by the Federal law. Seaboard Airline Ry. *v.* Horton, 233 U. S. 492(3) (34 Sup. Ct. 635, 58 L. ed. 1062, L. R. A. 1915C, 1,

Ann. Cas. 1915B, 475) ; Central Vermont Ry. Co. v. White, 238 U. S. 507(5) (35 Sup. Ct. 865, 59 L. ed. 1433, Ann. Cas. 1916B, 252) ; *Central of Georgia Ry. Co.* v. *Goens, 30 Ga. App.* 770, 773 (119 S. E. 669). The mere happening of an accident will not warrant a recovery; there must be negligence on the part of the railroad company or some of its employees. San Antonio &c. R. Co. v. Wagner, 241 U. S. 476 (36 Sup. Ct. 626, 60 L. ed. 1110). There must be a proximate and causal relation between the injury for which damages are claimed and the negligence of the company. Chesapeake &c. Ry. Co. v. Carnahan, 241 U. S. 241 (36 Sup. Ct. 594, 60 L. ed. 979). A railroad company is not an insurer of the safety of its employees, and they must, as a part of their duty, exercise due care for their own safety. Kurn v. Stanfield, 111 Fed. 2d, 469. "The employer is under a duty to exercise ordinary care to supply machinery and appliances reasonably safe and suitable for the use of the employee, but is not required to furnish the latest, best, and safest appliances, or to discard standard appliances upon the discovery of later improvements provided those in use are reasonably safe and suitable." Chicago & Northwestern Ry. v. Bower, 241 U. S. 470, 473 (36 Sup. Ct. 624, 60 L. ed. 1107). "It is a well-established· rule that the master is not bound to furnish the latest or best tools or appliances for the use of his servants." Baltimore & Ohio R. Co. v. Groeger, 266 U. S. 521, 529 (45 Sup. Ct. 169, 69 L. ed. 419). "The employer is not required to furnish the newest or even the safest and most approved devices if the employee is not deceived as to the degree of danger to which he is subjected." McGivern v. Northern Pacific Ry. Co., 132 Fed. 2d, 213, 218. "The master is not required to furnish the best, the safest, or the newest appliances or methods of operation, nor to adopt extraordinary or unusual safeguards against risks and dangers. The limit of his duty here is to exercise ordinary care to supply reasonably safe places, appliances, and methods." Williams Cooperage Co. v. Headrick, 159 Fed. 680, 682.

The plaintiff testified that he was about 39 years of age, and had been working for the defendant about 22 years at the time of his injury; that he was accustomed all along, since being with the company, in climbing trees, to use the pole hooks furnished him and had never had an accident like that before. He admitted that

he was not cautious enough in coming down the tree, that he made a misstep, and that he had used tree hooks only one time when he was at Westminister working under Mr. Sewell, whose headquarters were at Gainesville, Georgia. The tree hooks were mailed to the plaintiff at Westminister, and when he got through with them he mailed them back to the signal maintainer at Gainesville. He never tried at any other time to get tree hooks, although he knew that they were available on the Gainesville division. Regular linemen's pole climbers were issued to the plaintiff, and he undertook to climb the tree on the occasion when he was hurt without asking for tree hooks. He had never had an accident before using those same hooks. He admitted that he probably could have waited for his supervisor to send to Gainesville and get the tree climbers before removing the limb. His testimony showed that it had not been customary for the signal maintainers to have tree climbers, and that he did not ask for them because it had not been customary, and he had never had any trouble before. The plaintiff did not show in his testimony or in any other way that the regular pole climbers which he had used exclusively for approximately 22 years, except for the one time at Westminister, were not reasonably safe and suitable for his work as a signal maintainer. On the contrary, we think that the plaintiff's evidence established the fact that the pole hooks or climbers furnished by the defendant were reasonably safe and suitable for the use of the plaintiff and other employees in that particular line of work. One accident to one workman out of a large number, during a 22-year period can hardly prove the lack of safety or suitability of a tool or appliance in use during such period and at the time of the accident. The company's evidence tended to show the same general situation, that is, that the pole hooks now complained of had been satisfactorily used by the defendant generally for a long period of years, and had been found to be reasonably safe and suitable for the use of its employees. Granting that the evidence shows that tree hooks, having longer spurs than pole hooks, are better for use in climbing trees with hard and thick bark, and that they are less likely to clog up and cut out of a tree, still such evidence does not show that regular pole hooks are not reasonably safe and suitable for the use intended, or that

the defendant was negligent in furnishing them to its signal-system employees.

Ordinarily an employer is not required to inspect simple tools furnished to employees. Cole v. Seabord Airline Ry. Co., 199 N. C. 389 (154 S. E. 682), in which a certiorari was denied by the Supreme Court. See 282 U. S. 898 (51 Sup. Ct. 182, 75 L. ed. 791). Where an employer furnishes tools for a servant and an accident results, there is no presumption that the tools furnished were insufficient. Palmer v. Wichita Falls &c. Ry. Co., 60 Okla. 205 (159 Pac. 1115), which was dismissed on appeal to the Supreme Court. See 247 U. S. 525. "Under the Federal statute [employer's liability act] the presumption prevails, even after proof of the defect, that the railroad company was not aware of its existence; and until it is shown that the railway company knew, or in the exercise of ordinary care, should have known, of the defect, it is not charged with that knowledge." St. Louis &c. R. Co. v. Ingram, 124 Ark. 298 (187 S. W. 452), affirmed in 244 U. S. 647 (37 Sup. Ct. 741, 61 L. ed. 1370). In an action for injuries sustained by a railroad employee, he must produce substantial evidence of negligence on the part of the company, or some of its employees, and he can not base his case upon mere conjecture or speculation. Atchison, T. & S. F. Ry. Co. v. Saxon, (Tex. Civ. App.) 21 S. W. 2d, 686; Brennan v. Baltimore & Ohio R. Co., 115 Fed. 2d, 555. In our opinion the evidence in this case wholly failed to support the verdict for the plaintiff, there was no substantial or sufficient evidence authorizing a recovery, and it was error to overrule the defendant's motion for new trial on the general grounds. See *Tankersley* v. *So. Ry. Co.*, 73 *Ga. App.* 88 (35 S. E. 2d, 522).

■ One of the grounds of negligence charged in the petition was the failure of the defendant to prescribe any fixed rule providing for ladders or other means for the use of employees in climbing trees. Counsel for the plaintiff cite the case of Cleveland, C., C. & St. L. Ry. Co. v. Belange, 78 Ind. App. 36 (135 N. E. 367), which holds that whether or not the employer was negligent in failing to make rules and regulations under which linemen should be required or permitted to climb large trees, was a question for the jury. We fail to see how as a practical proposition any employer could prescribe a rule or rules for use by its

employees in climbing trees, except to be careful and not fall. A Federal court, in McGivern *v.* Northern Pac. Ry. Co., 132 Fed. 2d, 213, 219 (supra), holds that if the work, as in this case, is simple in character, and free from complications and complexities, the employer is under no obligation to adopt any rule with reference thereto. We think that this latter case presents a sounder ruling on the question of the making of rules by an employer, as applied to the facts of the case at bar, and we conclude that this alleged ground of negligence is without merit.

*Judgment reversed. Sutton, P. J., and Felton, J., concur.*