### 31782. SOUTHERN RAILWAY COMPANY *v.* BRADSHAW.

GARDNER, J. (a) This is the second appearance of this case here. *Southern Railway Company v. Bradshaw,* 73 *Ga. App.* 438 (37 S. E. 2d, 150). When first here, this court held that the petition as against a general demurrer set out a cause of action in favor of Bradshaw, the plaintiff, against the Southern Railway Company.

(b) The court held that the evidence in behalf of the plaintiff in that trial did not support the allegations of the petition. Since this court in that case set forth the rules of law applicable to the petition, and pointed out wherein the evidence for the plaintiff did not measure up to the requirement under the law to support a recovery, we will not go into a discussion of either the pleadings or the evidence in the first trial, but will call attention to them as reported in that case.

(c) We are earnestly urged by the plaintiff to consider that it is important for this court in deciding the instant case to keep in mind that this court held the pleadings set out a cause of action. This argument was urged when the case was here before, and was then considered from the viewpoint as to whether the evidence sustained the allegations of negligence specified in the petition. This argument is no more of force in the instant case than when it was formerly here, unless the evidence in the instant case is substantially different and presents a different state of facts substantially than the facts of the record when the case was here before.

(d) The pleadings are the same now as they were then.

(e) Let us then inquire as to whether the evidence is substantially different. We have read the evidence both in the former case and as it now appears before us. We have reached the conclusion that it is not substantially and materially different from that in the former case. There seems to be nothing new in the way of evidence. The additional evidence of the plaintiff in behalf of himself, and that of two experts, employees of the Georgia Power Company, is merely corroborative and cumulative, to say the most, of the evidence in the former appeal here. In our opinion it does not differ in quality, but only in quantity, as it bears upon the specifications of negligence contained in the petition.

(f) Able counsel for the plaintiff, in his statement that the evidence contained in the record in the instant case makes a very different one from that presented in the former record, quotes the plaintiff's additional testimony as follows: "I had frequently climbed both poles and trees prior to the time that this accident occurred. I have frequently used in climbing trees these same kind of climbers which I used this particular day. I have fallen a number of times resulting from the use of those climbers in climbing a tree, but I didn't hurt myself. I have cut out a number of times and would fall to the ground probably four or five feet, but I never hurt myself." So far as the evidence of the plaintiff in his own behalf in the former case, and in the instant case, is concerned, this is the only material difference which distinguished counsel for the plaintiff called to our attention, and on reading the evidence in the former trial and in the instant case, it is our opinion that neither the evidence pointed out in the instant case nor anything testified to by the plaintiff in the instant case materially changes his evidence in any substantial way. Counsel for the plaintiff also call to our attention that in the instant case the plaintiff introduced the testimony of two expert witnesses. These two witnesses, a Mr. Fowler, an employee of the Georgia Power Company for twenty years, and a Mr. Jett, an employee of the Georgia Power Company for fifteen years, testified that in their experience with the Georgia Power Com-

pany as tree and pole climbers they were familiar with the difference between pole climbers and tree climbers, and that they used, as employees of the Georgia Power Company, tree climbers and pole climbers. They explained the difference between a pole climber and a tree climber, explaining that a tree hook climber carries a gaff or spur about 3¼ inches long, and those for poles carry a gaff of 1¾ inches. And further stated that a pole climber was not a safe hook with which to climb a tree of the approximate dimensions of the tree which the plaintiff alleged he had climbed. The witnesses further testified as to additional methods and appliances, used by pole and tree climbers, other than those which the evidence showed were used by the signal maintainers of the Southern Railway Company, such as ropes and extension ladders. These witnesses also testified that tree hook climbers were in pretty general use in Atlanta. We think that this substantially, though briefly, summarizes the evidence of the two experts.

(g) The record of the evidence in the instant case, as well as in the former case, does not reveal that the plaintiff in testifying in his own behalf in the instant case, or the experts who testified in the instant case, gave any information at all regarding pole climbers or tree climbers which the defendant did not know at the time of the alleged injury. The plaintiff had used both and had been a signal maintenance man for the defendant for approximately twenty-two years. He was therefore an expert himself. He had used both. There was no emergency existing as to why he should attempt to climb the tree in question if the appliances which he that day had for cutting off the limb of the tree were inadequate for that purpose. There is no evidence at all that the defendant knew that the plaintiff was to cut this limb off on that particular day or that the appliances which he had were inadequate for the purpose. The plaintiff made no request or requisition for any other appliances than those which he used.

(h) When the evidence in the instant case is applied to the principles of law as laid down in the case when it was here before, particularly the principles of law set forth and the citations of authority supporting them in division 2 of the opinion, the evidence does not sustain the verdict. This court is, therefore, constrained to reverse the case again. It would seem that the failure of the plaintiff to exercise ordinary care for his own safety is the sole proximate cause of his injury. This being true, it is unnecessary to discuss the other assignment of error.

The court erred in overruling the motion for a new trial.

*Judgment reversed. MacIntyre, P. J., and Townsend, J., concur.*

Decided December 3, 1947. Adhered to on rehearing December 19, 1947.

*Neely, Marshall & Greene, Edgar A. Neely Jr.,* for plaintiff in error.

*T. J. Lewis, John T. Dennis,* contra.

ON REHEARING.

In considering the case on rehearing, we desire to make refer-

ence to paragraph (*h*) of the original opinion. Counsel for Bradshaw states that the language of the court, "it would seem that the failure of the plaintiff to exercise ordinary care for his own safety is the sole proximate cause of his injury," in effect decides as a matter of law that the railroad was negligent in some one or more particulars charged in the petition; and that the court in such language applies the rule of negligence applicable under our State laws, and not the law applicable under the Federal Employers' Liability Act. We do not think that the language used is susceptible of such a construction. Certainly not when we read the whole division (h) of the original opinion in the light of the other portions of such division (h) and other divisions of the opinion. In the first paragraph of division (h) of the original opinion the court said: "When the evidence in the instant case is applied to the principles of law as laid down in the case when it was here before, particularly the principles of law set forth and the citations of authority supporting them in division 2 of the opinion, *the evidence does not sustain the verdict.*" If there be any confusion in the statement as to the court's position, we now further clarify it by saying that the evidence in the instant case did not support the verdict for the plaintiff. This is the unanimous opinion of the court in view of the law of the case as decided in *Southern Railway Company* v. *Bradshaw*, 73 *Ga. App.* 438 (supra). We do not deem it essential or of any further benefit to go into the other questions raised in the motion for rehearing.

The judgment of reversal is adhered to on rehearing. All the questions raised on rehearing and otherwise have received the court's most careful consideration.

*Judgment adhered to on rehearing. MacIntyre, P. J., and Townsend, J., concur.*