32288. TOWNS, administratrix, *v.* SOUTHERN RAILWAY CO.

Decided January 29, 1949.

*John R. L. Smith, George H. Harris,* for plaintiff.

*Harris, Harris, Russell & Weaver, W. E. Watkins,* for defendant.

FELTON, J.   The election by the widow to institute this action

as administratrix under the Federal Employers' Liability Act at once eliminates the question whether the defendant is liable under the common law or statutes of this State. The only question involved is whether the defendant was negligent in failing to exercise ordinary care in furnishing the deceased a reasonably safe place to work.

If the defendant was negligent under the Employers' Liability Act, any contributing negligence of the deceased would not defeat a recovery. 45 U. S. C. A. 51-53. The employee shall not be held to have assumed the risks of his employment where the injury or death resulted in whole or in part from the negligence of any of the officers, agents or employees of the carrier. 45 U. S. C. A. 54; Tiller v. A. C. L. R. Co., 318 U. S. 54 (63 Sup. Ct. 444, 87 L. ed. 610, 143 A. L. R. 967). Assuming for the sake of argument or "to avoid argument" that the deceased was engaged in the duties of his employment when injured, we do not think the petition alleges a case of negligence under the Federal Employers' Liability Act as distinguished from common-law liability as fixed by Georgia courts. In such cases the common law as declared by the Federal courts governs. *Southern Railway Company* v. *Bradshaw, 73 Ga. App.* 438 (37 S. E. 2d, 150) ; Southern Railway Company v. Gray, 241 U. S. 333 (36 Sup. Ct. 558, 60 L. ed. 1030) ; Lillie v. Thompson, 332 U. S. 459 (68 Sup. Ct. 140, 92 L. ed. 115).

The only question involved here is whether the defendant should have anticipated that the deceased would put the guy wire to such use as he did. 38 Am. Jur. § 24, p. 667. We do not think the petition alleges facts which show such a duty of anticipation. Distinction must be drawn between the duty to anticipate that members of the public would so use the wire and the duty to anticipate the employee's use of it, for the reason that the action here is based on the failure to provide the employee with a safe place to work. If the railroad knew or should have known that the deceased would so use the wire in connection with his work it owed him the duty to make it reasonably safe for such use. The petition, however, does not allege any fact as a basis for the contention that the defendant had any knowledge of the peculiar use of the wire by the deceased or any other employee, or any fact from which it could have reasonably

concluded that deceased or any other employee would so use the wire. It is alleged that members of the public so used it but it is not alleged that the defendant had actual knowledge that the deceased so used it. The carrier was not obliged to foresee and guard against misuse of the wire. Brady *v.* Southern Railway Co., 320 U. S. 476 (64 Sup. Ct. 232, 88 L. ed. 239).

The instant case is much weaker than the Brady case because in that case there was evidence of previous misuse by employees. Under the allegations of the petition we can not see how the railroad would be under a duty to guard against the use to which the deceased put the wire when there was no occasion for it to connect the wire with any work or duties to be performed by the deceased insofar as leaning or reclining on the wire was concerned. This principle is fully discussed in *Babcock Lumber Company* v. *Johnson,* 120 *Ga.* 1030 (48 S. E. 438). The court there concluded that the fact that an appliance has been diverted to a new use will not render the defendant liable if that diversion occurred without his knowledge or consent. See also *Richmond & Danville R. Co.* v. *Dickey,* 90 *Ga.* 491 (16 S. E. 212). The cases of *Mayor &c. of Jackson* v. *Boone,* 93 *Ga.* 662 (20 S. E. 46), *Georgia Power Co.* v. *Leonard,* 187 *Ga.* 608 (1 S. E. 2d, 579), and *Leonard* v. *Georgia Power Co.,* 58 *Ga. App.* 130 (197 S. E. 869), are common-law cases and do not involve the question of furnishing a safe place to work under the Federal Employers' Liability Act, nor the question whether an employer should anticipate injury from an unusual or unintended use of an appliance or instrumentality without notice of such use by an employee. The case of Thompson *v.* Boles, 123 Fed. 2d, 487, involves no such question as is here involved.

We hold that the petition did not allege facts constituting negligence on the part of the railroad under the Federal Employers' Liability Act and do not predicate our conclusion on any contributory negligence on the part of the deceased nor on his assumption of any risks incident to his employment.

The court did not err in sustaining the general demurrer and dismissing the action.

*Judgment affirmed. Sutton, C. J., and Parker, J., concur.*