# HAWKINS v. CLINCHFIELD R. CO.—266 S. W. (2d) 840.

Eastern Section. July 27, 1953.

Petition for Certiorari denied by Supreme Court, December 11, 1953.

530

Cameron & Turner, of Chattanooga, for plaintiff in error.

Tucker & Erwin, Erwin, for defendant in error.

HOWARD, J.  This action was filed under the Federal Employers' Liability Act, 45 U. S. C. A. Sec. 51 et seq., by the plaintiff, Jack E. Hawkins, against his employer, Clinchfield Railroad Company, to recover damages for an injury which he sustained on the morning of July 9, 1951, while an employee of the defendant.

At the time of the accident, plaintiff was working as yard brakeman on one of the defendant's diesel engines which was moving two empty freight cars on the Cherry Street siding in Johnson City, Tennessee.  This siding served several business concerns, including Siler & Company, furniture dealers, who maintained platforms alongside the track for loading and unloading freight.  The accident occurred near the east end of Siler & Company's platform when the plaintiff stepped off the engine onto a nail which penetrated his left foot about two and one-half inches.  He had stepped off the engine for the purpose of stopping traffic on an alleyway which crossed the siding.  The board which held the nail was described as being from 6 to 8 inches long and was concealed and invisible, being covered with grass and weeds.  As a result

of the injury, plaintiff was compelled to spend 4 days in the hospital, was unable to work for more than 22 days, and lost more than $300 in wages. The defendant, however, paid his medical and hospital bills.

Plaintiff's declaration alleges in substance that he was injured as a result of the defendant's negligence in failing to provide him with a safe place in which to work.

The defendant entered a plea of not guilty and specially plead (1) contributory negligence, and (2) no notice of the nail or small piece of wood lying along the side track.

At the conclusion of the plaintiff's evidence, a motion was made by the defendant for a directed verdict, which was overruled, and the defendant elected not to put on any proof. The trial resulted in a jury verdict for the plaintiff for $500. Upon the defendant's motion, a new trial was granted and a verdict was directed for the defendant. Thereafter the plaintiff filed a motion for a new trial which was overruled, and this appeal in error resulted. By proper assignments it is insisted on behalf of the plaintiff (1) that the trial court erred in granting the defendant a new trial, and (2) in directing a verdict for the defendant.

According to the plaintiff's testimony he did not see the board which held the nail, and there was no evidence that it could have been seen by the defendant by the exercise of reasonable care. Nor was there evidence that the defendant had knowledge of its existence, or how long it had been there. Under these circumstances it could not have been reasonably foreseen by the defendant that the nail would cause injury to one of its employees. Therefore, in the absence of proof of actionable negligence on the part of the defendant, we think that the court properly granted a new trial and directed a verdict for the defendant.

■ Furthermore, under the Act, the presumption prevails that the defendant was not aware of the existence of the nail, and, until it was shown that the defendant knew or by the exercise of ordinary care should have known of it, the defendant would not be charged with such knowledge. St. Louis, I. M. & S. R. Co. v. Ingram, 124 Ark. 298, 187 S. W. 452, 224 U. S. 647, 37 S. Ct. 741, 61 Law Ed. 1370; Southern R. Co. v. Bradshaw, 73 Ga. App. 438, 37 S. E. (2d) 150.

■ While a Railroad is required under the Act to exercise ordinary or reasonable care for the safety of its employees, it is not required to anticipate and guard against unexpected and improbable dangers of which it has no knowledge. In American Jurisprudence, it says:

"The Federal Employers' Liability Act does not impose liability upon an employer to create a right in favor of an employee merely by reason of the fact an employee suffers an injury in the course of performance of the duties of his employment. The mere happening of an accident in the course of employment will not warrant a recovery; under this Act, as at common law, the basis of liability is negligence on the part of the employer railroad companies. 'Negligence,' it is said, must have been the cause of the employee's injury, and in the absence of negligence on the part of the employer, or of fellow employees for whose acts the employer is responsible, a recovery cannot be had. Conduct which is described by the term 'negligence' may not be inferred from the fact that the employee has been injured. Nor will effect be given under the Act to a state statute which purports to create presumption of negligence. Negligence is a test, not of the applicability of the act, but of the employer's duty or obligation to respond pecu-

niarily for the injury." Vol. 35, Sec. 400, p. 822, 823.

It results that we find no merit in the plaintiff's assignments of error, and they are accordingly overruled.

Affirmed at plaintiff's costs.

McAmis, P. J., and Hale, J., concur.