## 50385. DODD v. CLARY.

MARSHALL, Judge.

Plaintiff's decedent was killed by a large limb that fell from a tree which was being cut down by defendant, Clary, and one Gunter. Gunter was pulling a cable tied to the tree and Clary was driving a wedge into the back side of the tree in an effort to make it fall in a certain direction. The decedent was standing three to four feet from the tree and was struck by the "rotten" limb that fell as the tree began to fall. The alleged negligence of Clary was that he failed to remove the limbs from the tree before the tree was felled and "without first removing all personnel from· said area."

Plaintiff appeals the granting of Clary's motion for summary judgment, contending that there are fact questions as to why decedent was under the falling tree, how long he had been there, and what measures he took for his own safety, and that it was error to conclude that the decedent's conduct in standing near the tree amounted to assumption of risk as a matter of law. *Held:*

Essentially the question presented on this appeal is: construing the evidence favorably to plaintiff, does it show as a matter of law that Clary did not negligently cause decedent's death or that plaintiff cannot recover from Clary?

There is considerable doubt as to whether or not Clary, who was standing beside the decedent at the base of the tree, would be liable to plaintiff under ordinary negligence theory, for if it had been foreseeable that a limb would fall, why then did not Clary extricate *himself* from the dangerous position? Nevertheless, Clary's liability must be determined by the law of master and servant under Chap. 66-3 of the Georgia Code, for there is no question that decedent was an employee-servant of Clary, latter paying him an hourly wage and directing his work.

Code § 66-301 provides, in part: "If there are latent defects in machinery, or dangers incident to an employment, unknown to the servant, of which the master knows or ought to know, he shall give the servant warning in respect thereto."

Code § 66-303 provides: "A servant assumes the ordinary risks of his employment, and is bound to exercise his own skill and diligence to protect himself. In suits for injuries arising from the negligence of the master in failing to comply with the duties imposed by section 66-301, in order that the servant may recover it must appear that the master knew or ought to have known of the incompetency of the other servant, or of the defects or danger in the machinery supplied; and it must also appear that the servant injured did not know and had not equal means of knowing such fact, and by the exercise of ordinary care could not have known thereof."

From these two Code sections, we conclude that even if Clary "ought" to have known of the "danger incident to" decedent's employment (a "rotten" limb on a tree being cut down) and did not give a warning to decedent as required under Code § 66-301, plaintiff cannot recover if the evidence shows that her decedent knew of the danger or had equal means of knowing or by the exercise of ordinary care could have known thereof. The depositions of the only two witnesses (Clary and Gunter) do not show whether or not plaintiff's decedent knew of the "rotten" limb above. But they do show that he had equal means with Clary of knowing of the danger. Under this evidence, plaintiff cannot recover against Clary. See *Holman v. American Auto. Ins. Co.,* 201 Ga. 454 (2) (39 SE2d 850);

*Hagins v. Southern Bell Tel. Co.,* 134 Ga. 641 (68 SE 428); *Crown Cotton Mills v. McNally,* 123 Ga. 35 (3) (51 SE 13); *Ludd v. Wilkins,* 118 Ga. 525 (45 SE 429); *Dekle v. Todd,* 132 Ga. App. 156 (1) (207 SE2d 654); *Taff v. Harris,* 118 Ga. App. 611 (2) (164 SE2d 881).

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

ARGUED MARCH 4, 1975 — DECIDED JUNE 11, 1975 — REHEARING DENIED JULY 2, 1975.

*R. Wayne Pressley,* for appellant.

*Reed & Friedewald, R. M. Reed, James W. Friedewald,* for appellee.

*Judgment affirmed. Bell, C. J., and Marshall, J., concur.*