## 56759. HOLLINGSWORTH v. THOMAS.

DEEN, Presiding Judge.

Charles W. Hollingsworth, a dairy farmer, appeals from the denial of his motion for a judgment notwithstanding the verdict after a jury verdict awarded a former employee $20,000 in damages for injuries sustained during the course of her employment.

Barbara Thomas brought suit against appellant alleging that he was negligent in failing to provide her with a safe place to work and in failing to provide the proper equipment to prevent her injury. The evidence showed that she was employed by appellant in his dairy business for approximately eight months before she was injured. For about one month prior to her injury, she was employed full-time and her duties included driving cows from the field to the barn and milking them. She sustained an injury to her right eye when she was hit in the face by a cow's tail while hooking up a milking machine. A hair on the tail lacerated the cornea of the eye thereby allowing a rare and dangerous bacteria to infiltrate the wound and set up an infection which resulted in a ninety-five percent loss of vision.

1. Appellant contends that the trial court erred in denying his motion for a j.n.o.v. because the appellee failed to prove he was negligent as required under Code Ann. §§ 66-301 and 66-303.

Code § 66-301 provides in part: "[The master] shall use [ordinary] care in furnishing machinery equal in kind to that in general use, and reasonably safe for all persons who operate it with ordinary care and diligence. If there are latent defects in machinery, or dangers incident to an employment, unknown to the servant, of which the master knows or ought to know, he shall give the servant warning in respect thereto."

Code § 66-303 provides: "A servant assumes the ordinary risks of his employment, and is bound to exercise his own skill and diligence to protect himself. In suits for injuries arising from the negligence of the master in failing to comply with the duties imposed by section 66-301, in order that the servant may recover it must appear that the master knew or ought to have known of the incompetency of the other servant, or of the defects or danger in the machinery supplied; and it must also appear that the servant injured did not know and had not equal means of knowing such fact, and by the exercise of ordinary care could not have known thereof."

In a cause of action based on these Code sections, appellee is entitled to recover from Hollingsworth only if she proves him to be negligent in (1) not warning her of the danger incident to her employment which was unknown to her, but was known to him; or (2) not maintaining a safe place for her to work.

Mrs. Thomas admitted knowing that cows have tails and swish them around, but claims that she was unaware of any danger, because it was the first time she had been hit in the face by one. Appellant testified that he had been hit in the face by cows' tails on numerous occasions, but had experienced only minor discomfort. Because of appellee's own observations about cows and the obvious close proximity of a cow's udders to its tail, we do not believe that she can claim that the danger of being swished in the face by a tail while attaching a milking machine was unknown to her. "When one enters the service of another, he impliedly assumes the usual and ordinary risks incident to the employment about which he is engaged, and in discharging the duties which he has undertaken to perform, he is bound to take notice of the ordinary and familiar laws of nature applicable to the

subject to which his employment relates . . ." *Worlds v. Ga. R. Co.*, 99 Ga. 283 (25 SE 646) (1896). Here, appellee was required to take notice of the fact that cows unexpectedly swish their tails. The likelihood of being struck by a cow's tail while milking is, without doubt, an ordinary risk of the dairy business. "Ordinary risks are. . . those incident to the business, and do not imply the result of the master's negligence." *Emanuel v. Ga. & F. R. Co.*, 142 Ga. 543, 545 (83 SE 230) (1914). A caretaker and feeder of cattle assumes the usual risks of his employment including the common hazard of attack and injury from dairy animals as well as hazards that are as much within the range of his own knowledge as that of his employer. Johnson v. Olson, 145 Kan. 779 (67 P2d 422) (1937). Therefore, even though Hollingsworth knew that appellee could be struck in the face while milking and did not warn her, she is barred from recovery because it is an ordinary risk of employment, and the evidence shows that she knew of the danger, or had equal means of knowing or by the exercise of ordinary care could have known of it. *Dodd v. Clary*, 135 Ga. App. 296 (217 SE2d 397) (1975). Appellee failed to prove that appellant was negligent in not warning her of a danger incident to her employment.

Appellee argues that her employer was negligent in not providing her with a safe place to work because he did not provide clamps or other safety devices which an employee could use to secure a cow's tail during milking. At trial, however, she presented no evidence to show that such a device existed or expert opinion to show that one was necessary for the safe operation of a dairy. Appellant's testimony was unimpeached that his equipment was the newest and most modern available and that he had never seen a clamp for restraining a cow's tail when he visited other dairies nor had he read about such a device in the two dairy periodicals to which he subscribed.

While an employer is required to exercise ordinary care to furnish a safe place to work, *Williamson v. Kidd*, 65 Ga. App. 285 (15 SE2d 801) (1941), he is not required to furnish the newest, safest, or best tools or methods of operation or adopt extraordinary or unusual safeguards against risks and dangers. *Southern R. Co. v. Bradshaw,*

73 Ga. App. 438 (37 SE2d 150) (1946). "There is no presumption that the tools furnished to an employee by the master were insufficient from the mere happening of an accident, and the employee must produce substantial evidence of negligence on the part of the master or his employees to sustain a recovery." *Southern R. Co. v. Bradshaw,* supra. We find that appellee has failed to prove any negligence on the part of her employer.

2. It was error for the trial court to refuse to direct a verdict on the issue of the employer's negligence and there was no evidence to authorize presenting the case to the jury under a different legal theory. Compare *Strother Ford, Inc. v. Bullock,* 142 Ga. App. 843 (237 SE2d 208) (1977). The only other theory under which the employee might have recovered is the liability of an employer for injuries committed by his domestic animals. However, "[t]he view that in order to impose liability upon an animal owner for injuries inflicted, it must appear not only that the animal was vicious but also that the owner had knowledge of its vicious propensities, has been recognized in a number of cases where agricultural workers sought recovery for injuries inflicted by domestic farm animals." 9 ALR3d 1072, § 4. Although there are few cases on this point in Georgia, it appears that the liability of an employer for injuries inflicted by his domestic animals depends upon: (1) the animal inflicting the injury was vicious; and (2) the employer had actual or constructive knowledge of the vicious propensity of the animal. *Hays v. Anchors,* 71 Ga. App. 280 (30 SE2d 646) (1944). Even assuming, without deciding, that swishing a tail might be indicative of a vicious propensity in cattle, there was no evidence that Hollingsworth knew "Granny" (the cow in question) swished her tail when she was milked.

While it is indeed unfortunate that Mrs. Thomas lost the vision in her eye, we believe that the cause of her injury was an unavoidable accident. "An unavoidable accident is an occurrence which was not intended, and which, under all the circumstances, could not have been foreseen or prevented by the exercise of reasonable precautions. No accident, of course, is entirely inevitable, so long as it results from any voluntary act. If the

defendant rides a horse, which runs away with him and injures the plaintiff, the accident is not strictly inevitable, since the defendant intentionally rode the horse, and might have prevented all harm by keeping him in the barn. But the runaway is called 'unavoidable' if it did not result from any lack of proper care in the management of the horse, because both wrongful intent and negligence are lacking. There is no liability in such a case. . . [Such a rule is] adopted because the line must be drawn somewhere, and if the defendant is to be held liable merely because he has ridden the horse. . . it would be quite as logical, at least in the eyes of the law, to hold him liable for owning it, or even for drawing his breath, or being born. To hold that he does every voluntary act at his peril, and must insure others against all of the consequences that may occur, would be entirely unreasonable and quite intolerable burden upon all human activity." Prosser, The Law of Torts, 140 (4th Ed. 1971).

Accordingly, we find no evidence of negligence on the part of the appellant and find it was error for the trial court to deny his motion for a judgment notwithstanding the verdict. The trial court is directed to enter judgment in favor of the defendant.

*Judgment reversed and remanded with direction. Smith and Banke, JJ., concur.*

ARGUED OCTOBER 4, 1978 — DECIDED OCTOBER 23, 1978 — REHEARING DENIED NOVEMBER 7, 1978 —

*Beck, Goddard, Owen & Murray, John H. Goddard, Jr., Richard L. Collier,* for appellant.

*Philip T. Keen,* for appellee.