## LUDD *v.* WILKINS.

This being an action against a master to recover damages for the homicide of a servant, and it appearing from the evidence that even if the servant did not know of the fact which is charged as negligence against the master, he had equal means with the master of knowing it and by the exercise of ordinary care could have discovered the same, there was no error in granting a non-suit.

Argued July 10, — Decided August 13, 1903.

Action for damages.   Before Judge Calhoun.   City court of Atlanta.   January 16, 1903.

*W. C. Cousins* and *Westmoreland Brothers*, for plaintiff.

*King, Spalding & Little* and *Ellis, Wimbish & Ellis*, for defendant.

Cobb, J.   Mrs. Ludd brought suit against Wilkins for damages for the homicide of her husband, alleging that it was brought about by the negligence of the defendant.   The judge granted a nonsuit, and this is the error assigned.   The defendant was engaged as a contractor in constructing in the city of Atlanta what is known as the Whitehall street viaduct.   The husband of the plaintiff was an employee engaged at work upon the viaduct, and at the time of receiving the injury which resulted in his death was engaged in putting in place a piece of iron and standing on or near iron brackets which received these iron pieces.   Planks had been placed, extending from one bracket to the other, for employees to stand upon while engaged at work.   These planks were apt to slip off the brackets.   There was evidence that this slipping could have been prevented by nailing pieces under each end of the plank, or by putting a bolt through each end or a ten-penny nail, or by tying the plank to the bracket.   None of these methods were adopted. The plank was laid loosely upon the brackets.   There is no evidence that there were any defects in any of the planks.   The plank upon which plaintiff's husband was standing had slipped to a point where walking upon it would cause one end to leave the bracket; and this precipitated him to the street below, and he died as a consequence of this fall.   The negligence alleged was that the defendant failed to have the plank braced or secured so as to prevent the same from slipping; that it was the defendant's duty to furnish the deceased with a safe place to work, and to do this it was incumbent upon him to have the plank securely fastened.

Let it be conceded that it was negligence on the part of the defendant not to have had the plank fastened in some way. It is apparent from the testimony that the plaintiff's husband had equal means with the defendant of knowing that the plank was not fastened, and by the exercise of ordinary care could have discovered this fact. A mere glance at the plank before he stepped upon it would have been sufficient for him to have seen that it was not tied, braced, or otherwise secured. He was engaged in a dangerous work at best, and he took the risk of all dangers that were necessarily incident to work in such a place. He either knew or could by the exercise of ordinary diligence have discovered that the plank was not fastened or secured in any way, and if he saw fit to continue to work in such a place, he took the risks ordinarily incident to the dangers of the place, and his widow will be precluded from recovering where his death was the result of the ordinary risk of his employment. Upon one who brings a suit against a master for injuries to a servant it is incumbent to show not only negligence on the part of the master, but due care on the part of the servant; and it must appear that the servant injured did not know and had not equal means of knowing all that which is charged as negligence to the master, and by the exercise of ordinary care could not have known thereof. Civil Code, § 2612; *Daniel* v. *Forsyth*, 106 *Ga.* 568, and cases cited; *Winship Company* v. *Burger*, 110 *Ga.* 296; *DeLay* v. *Railway Company*, 115 *Ga.* 934. There was no error in granting a nonsuit.

*Judgment affirmed. By five Justices.*