## CROWN COTTON MILLS *v.* McNALLY.

1. If there are latent defects in machinery, or dangers incident to an employment, unknown to a servant, of which the master knows or ought to know, he is bound to give the servant warning in respect thereto.
2. In a suit by a servant against a master, alleging failure of duty on the part of the latter in not giving to the servant warning of a danger incident to his employment, it must appear that the master knew or ought to have known of the danger, and that the servant injured did not know and had not equal means with the master of knowing such fact, and by the exercise of ordinary care could not have known it.
3. If the danger is obvious, and as easily known to the servant as to the master, the latter will not be liable for failing to give warning of it.
4. A master is bound to exercise ordinary care in the selection of servants, and not to retain them after knowledge of incompetency. If he discharges his duty in these particulars, he is not required to anticipate that they may be negligent, and to warn one of them of dangers which may arise from the possible negligence of others.
5. Where an employee injured by a machine in a cotton factory contended that the danger was not obvious, because a portion of the machine was covered with cotton which obscured the view and prevented the employee from seeing an open door in the machine ; and where the defendant sought to show that had the plaintiff performed his duty the cotton would not have fallen down so as to obscure the view and prevent the open door from being readily seen, it was error for the presiding judge to charge that it was immaterial whether the cotton fell down so as to obscure the view or not.
6. The charge in respect to the measure of damages was somewhat general, but the evidence not disclosing elements of special damage of a kind to require more detailed instructions on the subject, and there being no request to charge, the judgment would not be reversed on this ground.

Argued April 20, — Decided May 13, 1905.

Action for damages.     Before Judge Fite.     Whitfield superior court.     November 14, 1904.

McNally brought suit against the Crown Cotton Mills, a corporation, seeking to recover damages for a personal injury. He alleged that he was an employee of the defendant, and was working on a certain machine ; that it had rollers, teeth, and saws which were protected by an apron or door, which for the safety of the employee should be, and usually was, kept closed; and so far as plaintiff knew had always been so kept while the machine was running; that to have left the door down or open so as to expose the cylinders and saws was dangerous to the person operating the machine ; that the plaintiff was young (being but sixteen years old) and inexperienced, especially in regard to this machine, and

had not been warned of its dangers, or of the danger incident to leaving the door open or down, or as to the absence of the " stripper stick ;" that he was put to work upon the machine, and it was his duty to clean off the "stripper stick ;" that he was proceeding to find it for that purpose; that the defendant had negligently left the machine in a dangerous condition; that the stick was not present, and the door was negligently left down, and the machinery was open so as to catch the hand of a person working there ; that he was not aware of this, nor, in the exercise of ordinary care, could he have discovered it, because the whole top and breast of the machine were filled with cotton and covered completely, and it was not possible to tell whether the door was closed or whether the stick was present, or what condition the machine was in ; that the foreman was present and knew of this, but did not notify him of the danger ; and that while hunting for the stick his hand was injured.   Negligence was charged in not furnishing him a safe place to work, and in not warning him of the danger; and there were other allegations not material to mention.   The defendant denied negligence or liability on its part.   After a verdict for the plaintiff the defendant moved for a new trial on several grounds. The following charges, among others, were alleged as error:   " If the injury occurred on account of the negligence of the defendant company in not notifying the plaintiff, as he insists, and he did not know of the dangerous condition of the door when down, or could not have known it by the exercise of ordinary care and diligence, then he could recover. "   " The real question for you to determine first, I will say, is whether or not defendant, in the exercise of ordinary care, should have notified the plaintiff of the dangerous condition of the machinery when in motion and the door down. "   " There is some contention as to whether the cotton did or did not fall down over the open door so as to obscure the vision and prevent the plaintiff from seeing whether or not it was dangerous, but as the court understands the law and gives you in charge, it is immaterial whether it so fell down or not.   The question is, in this case, did the plaintiff know of the danger incident to operating the machinery when the door was open? If he did, or ought to have known it by the exercise of ordinary care and diligence, then he can not recover.   If he did not or could not, then he can recover."   Error was further assigned on the charge as to

the measure of damages, on the ground that it was too vague and indefinite, and laid down no rule for the jury in arriving at the amount of the verdict, but allowed them to give an amount that in their judgment would compensate the plaintiff for the loss of his arm. It is unnecessary to set out the evidence further than to state that the plaintiff sought to sustain his allegations, while the defendant sought to show that it was not negligent, but that the injury to the plaintiff resulted from his own negligence or that of his coemployees. He was sixteen years of age, and had worked at the mill several years and at this machine about three weeks. The doors were opened and the cards cleaned several times a day. The motion was overruled, and the defendant excepted.

*R. J. & J. McCamy*, for plaintiff in error, cited, besides the authorities cited in the following opinion, Civil Code, § 3830; *Ga. R.* 80/227; 94/535; 95/815; 111/528.

*Arnold & Arnold, Harvey Hill*, and *George G. Glenn*, contra, cited *Ga. R.* 60/329; 76/785; 80/637; 86/149-50; 92/95; 118 U. S. 554; 2 Thomp. Tr. §§ 2077-78; Poll. Torts,*161-2; Field, Dam. 613-15; Wood's Mayne, Dam. 596, § 627; 4 Q. B. Div. 406, 49 L. J., Q. B. 237-8.

LUMPKIN, J. (After stating the facts.) 1–3. If there are latent defects in machinery, or dangers incident to an employment, unknown to a servant, of which the master knows or ought to know, he is bound to give the servant warning in respect thereto. But a servant assumes the ordinary risks of his employment, and is bound to exercise his own skill and diligence to protect himself. In a suit seeking to recover of a master, where it is claimed that there was a failure of duty on his part in not giving to the servant notice or warning of a danger incident to his employment in connection with a machine, it must appear that the master knew or ought to have known of the danger in the machinery, and that the servant injured did not know and had not equal means with the master of knowing such fact, and by the exercise of ordinary care could not have known of it. Civil Code, §§ 2611, 2612. If the danger is obvious, and as easily known to the servant as to the master, the latter will not be liable for failing to warn him of it. *Ludd* v. *Wilkins*, 118 *Ga.* 525; *Hamby* v. *Union Paper-Mills Co.*, 110 *Ga.* 1; *Stubbs* v. *Atlanta Oil Mills*, 92 *Ga.* 495; *Cartledge*

v. *Pierpont Mfg. Co.*, 120 *Ga.* 221; *Hoyle* v. *Excelsior Laundry Co.*, 95 *Ga.* 34; *White* v. *Kennon*, 83 *Ga.* 343.

4. As to fellow-servants, the duty of the master is to exercise ordinary care in the selection of them, and not to retain them after knowledge of incompetency. If he discharges his duty in this regard (except in cases of railroads, or of children of tender years), he is not liable to one servant for injuries arising from the negligence of fellow-servants. One of the risks which a servant assumes is negligence or misconduct of a fellow-servant about the same business. Civil Code, § 2610; *Evans* v. *Josephine Mills*, 119 *Ga.* 448; *Shields* v. *Yonge*, 15 *Ga.* 349. If the master has used ordinary care in the selection of servants, and has not retained them after knowledge of incompetency, he is not required to anticipate that they may be negligent, and to warn one of them of dangers which may arise from the possible negligence of others. While the presiding judge charged that if the injury occurred on account of the negligence of fellow-servants, "nothing else appearing," the plaintiff could not recover, he immediately followed this charge with the first and second charges complained of, as set out in the statement of facts. As he did not inform them that the master was not bound to anticipate negligence of a coemployee and give warning against it, and as one contention in the case was whether the danger was such as to impose on the master the duty to give warning in regard to it, or was a danger arising solely from negligence of a coemployee, these charges, standing alone, did not fully submit to the jury how far the duty of the master in this respect extended. As no request to charge on the subject was made, perhaps a new trial might not result on this ground alone.

5. The plaintiff alleged, and sought to prove, that the danger was not obvious, because the top and breast of the machine were covered with cotton, and it was not possible to tell whether the door was closed or open. The defendant sought to show, that it was the duty of the plaintiff to look after what is called the "stripper stick" on which the cotton was wound, and to clean it off and put it back; that if this had been properly done, the cotton would not have fallen down and obscured the complete view of the open door; that instead of doing this himself, he asked another employee to do it, on the occasion in question; and that if it were not done, and the cotton fell so as to wholly or partially

conceal the open door, it resulted from the plaintiff's own fault, or that of his coemployee, and not from any latent danger in the machine itself, whether the doors were open or shut. It will thus be seen that the question of whether the danger was obvious and patent, or, if not, whether it was prevented from being so by reason of the plaintiff's own conduct or that of a fellow-servant, was an important one. It was accordingly error for the court to inform the jury that, in the view which he entertained of the law, it was immaterial whether the cotton fell down so as to obscure the vision, or not. Counsel for the plaintiff contends that the charge which the court gave on this subject was more injurious to him than to the defendant. But it was erroneous, and may have shut out from the jury a material contention forming part of the defense.

6. The charge in respect to the measure of damages was somewhat general, informing the jury that they should only compensate the plaintiff, if they found for him, for the loss of his arm and for pain and suffering, and that they should determine how much would be a fair and just compensation. There was, however, no evidence showing diminished earnings. Neither were the mortality tables introduced. The data on which to base the charge on this subject being not very exactly proved, it was natural that the charge on it should be general. No more specific charge was requested.

*Judgment reversed. All the Justices concur, except Candler J., absent.*