HOLMAN *v.* AMERICAN AUTOMOBILE INSURANCE
COMPANY.

No. 15570.   SEPTEMBER 6, 1946.   REHEARING DENIED OCTOBER 11, 1946.

*J. Wightman Bowden* and *W. H. Lewis,* for plaintiff.

*Hewlett & Dennis* and *T. F. Bowden,* for defendant.

CANDLER, Justice. (After stating the foregoing facts.) It may be said at the outset that, in order to maintain her suit, the petitioner must show by her petition that she was injured through the actionable negligence of her employer, that such employer, prior to such injuries, had entered into a contract of indemnity with an insurance company, under which such a relation was created as would give her a right to bring suit upon the contract in her own name; and that the employer's legal liability to her for the alleged damages had been established, or, in lieu thereof, that the same was not legally required under the contract.

■ In the reply brief of counsel for the plaintiff in error (petitioner), it is insisted that the relation of master and servant did not exist between her and her employer at the time she was injured, but had been temporarily suspended for her lunch hour. We have been unable to find a case from any of the courts of this State precisely in point on this question, and none has been cited. It is stated in the petition that the injury occurred to her while she was engaged in the performance of her customary duties as a typist and during her lunch hour, at a time and place provided by her employer, when she fell on the freshly waxed floor of the cafeteria. In 35 Am. Jur., 598, § 169, it is said: "Primarily, it is to be noted that responsibility on the part of the employer is not necessarily limited to calamities which have occurred during the precise period which has been designated for the performance of services by the employees. The relation of employer and employee is not suspended, as a rule, during the noon hour, when the employer expects, and expressly or by fair implication, invites the employee to remain upon the premises, in the immediate vicinity of the work." In 39 C. J., 274, § 398, it is said: "Neither the period nor continuity of service is changed by an incidental cessation from work or by a brief incidental absence from the scene of work, but an interruption permitted solely for the employee's convenience and advantage will suspend the relation. Thus, the relation continues when the servant has left his place of work merely to obtain a drink of water or milk, and it is not interrupted by an intermission for dinner, but the relation does not continue in respect to a servant who leaves the premises for luncheon at a place of his own selec-

tion or who is on his way in disobedience of orders, or who has left the premises during the noon hour on business of his own." In *Ocean Accident & Guarantee Corp.* v. *Farr,* 180 *Ga.* 266, 270 (178 S. E. 728), which was a proceeding under the Georgia Workmen's Compensation Act, where an employee customarily brought his lunch and ate it on the premises, and during his lunch hour was injured by falling while going down a set of steps on his employer's premises, this court sustained a finding by the commissioner that the injury arose in the course of his employment, but not out of it. In the opinion it was said: "The proceeding was not an action by an employee against his employer for damages for failure to provide a safe place in which to work, or for other cause, but was a statutory proceeding under the Georgia Workmen's Compensation Act . . which provides for compensation by an employer to his employee for an injury by accident 'arising out of and in the course of employment.'" On application of these principles to the facts of the instant case, we can not agree with able counsel that the relation of master and servant was temporarily suspended during the noon hour for the petitioner's lunch on her employer's premises. We think, and so hold, that if an employer, as here, operates a cafeteria on its premises, in the immediate vicinity of the work, at which its employees are, expressly or by fair implication, invited to eat, and they accept the invitation by using the facilities provided, the relation of master and servant is not temporarily suspended during the noon hour of such employees, and in these circumstances it would be the duty of the employer to operate and maintain its cafeteria, as a part of its premises, as a reasonably safe place to eat.

We shall now examine the petition to determine if its allegations are sufficient when construed most strongly against the pleader—which we must do for purposes of the demurrer—to show actionable negligence on the part of the petitioner's employer because, if not, under no other theory of the case can she prevail.

If there are dangers incident to an employment, unknown to the servant, of which the master knows or ought to know, he shall give the servant warning with respect thereto. Code, § 66-301. It is the duty of the master to exercise ordinary care to provide and maintain a reasonably safe place for his servant to work. *Chenall* v. *Palmer Brick Co.,* 117 *Ga.* 106 (43 S. E. 443). The duty of

the master to keep his premises and to conduct his business in such a manner that his servants may perform their duties in safety is but a phase of the broader and more anciently recognized doctrine of the common law, that every person who expressly or impliedly invites another to come upon his premises or to use his instrumentalities is bound to use ordinary care to protect the invited person from injury while upon his premises. However, a servant assumes the ordinary risks of his employment, and is bound to exercise his own skill and diligence to protect himself, and in cases of injury it must appear that the servant did not know of the danger and had not equal means of knowing such fact, and by the exercise of ordinary care could not have known thereof. Code, § 66-303; *Ludd* v. *Wilkins,* 118 *Ga.* 525 (45 S. E. 429). Upon one who brings a suit against his master for injuries it is incumbent to show not only negligence on the part of the master, but due care on his part; and it must appear that the person injured did not know and had not equal means of knowing all that is charged as negligence to the master, and by the exercise of ordinary care could not have known thereof. *Daniel* v. *Forsyth,* 106 *Ga.* 568 (32 S. E. 621); *Winship Mach. Co.* v. *Burger,* 110 *Ga.* 296 (35 S. E. 120); *DeLay* v. *Southern Ry. Co.,* 115 *Ga.* 934 (42 S. E. 218); *Williams* v. *Atlantic Coast Line Ry. Co.,* 18 *Ga. App.* 117 (89 S. E. 158); *Ludd* v. *Wilkins,* supra. In *Avary* v. *Anderson,* 31 *Ga. App.* 402 (120 S. E. 683), Judge Bell, now Chief Justice of this court, speaking for the Court of Appeals, said: "Whether the plaintiff was a tenant, boarder, or guest of the defendant innkeeper, when her petition is construed most strongly against her (as it must be, on demurrer), it appears that the grease upon the floor of the bathroom, which caused her to slip, fall, and suffer the injuries sued for, was patent and obvious, and that, even though the defendant, in allowing such condition to exist in the bathroom furnished for the plaintiff's use, was negligent as alleged, the plaintiff could have avoided the consequences thereof by the exercise of ordinary care; and this is so notwithstanding the general averment of proper care on her part, and the further allegation that she did not know of the existence of the greasy substance at the particular place where she fell, and that she did not see and had no means of seeing or knowing that it was there; these averments being negatived by the particular facts pleaded. It affirmatively appears that the plaintiff could

see; but if this were not so, she would be presumed, in the absence of anything to the contrary, to be free from disability in this regard." In the *Avary* case, the court held that a general demurrer was properly sustained. In *Crown Cotton Mills* v. *McNally,* 123 *Ga.* 35 (51 S. E. 13), the court said: "If the danger is obvious, and as easily known to the servant as to the master, the latter will not be liable for failing to warn him of it." In *Lebby* v. *Atlanta Realty Corp.,* 25 *Ga. App.* 369 (103 S. E. 433), where it was held that a general demurrer was properly sustained, it was said: "No cause of action was stated by the allegations as to the injury to the plaintiff from slipping and falling on the floor of a hallway, upon which he was walking when going from the office of a tenant in the defendant's office building and which, while he was in the tenant's office, was covered with water preparatory to mopping it, and thus was rendered slick and dangerous to walk upon; it not appearing that there was any culpable negligence on the part of the defendant, or that the alleged danger was not obvious and could not by the exercise of ordinary care have been discovered by the plaintiff." In *McDonnell* v. *Central Ry. Co.,* 118 *Ga.* 86 (44 S. E. 840), this court held: "If the servant had equal means with the master of discovering the danger, any injury resulting to him would be the result of his own fault." And also in *Stewart* v. *Seaboard Air-Line Ry. Co.,* 115 *Ga.* 624, 628 (41 S. E. 981), this court held: "If both the plaintiff and the defendant had equal opportunities of discovering this patent defect in the appliance on the day the accident occurred, then the defendant would not be liable for an injury resulting therefrom." In *Dunbar* v. *Hines,* 152 *Ga.* 865, 871 (111 S. E. 396), in holding that the allegations contained in a count were insufficient to state a cause of action for actionable negligence, and that a general demurrer should have been sustained, it was said: "In suits for injuries arising from the negligence of the master, when the dereliction of duty consists in the failure to provide a safe place to work, or a failure to warn the servant of an unknown danger, the servant must not only make it appear that the master failed to perform his duty to furnish him a safe place to work, or to warn him of an unknown danger, but also that the servant injured did not know and had not equal means of knowing of the defective condition of the instrumentality employed or of the danger, and by the exercise of ordinary care could not

have known thereof; and it is necessary to allege these facts in the complaint." Applying these principles, which have been many times announced by this court and the Court of Appeals, to the allegations of the instant petition, can it be said as a matter of law that they are sufficient to state a cause of action for actionable negligence? We are not inclined to think so. The injured party was a mature person, 54 years of age, employed under civil service requirements as a civilian junior clerk typist by the United States Government. Presumably she had good vision, there being no allegation to the contrary. The accident occurred during her lunch hour at the post exchange cafeteria, a place provided by her employer, at which she was invited to eat. There is no allegation that she was not familiar with the floor of the cafeteria and how it was ordinarily kept, and no contention as to insufficient lights. "An excessive and unnecessary amount of wax on the floor which should have been wiped up and removed" must have been patent and obvious; and there is no allegation that it was not. It is not shown the floor remained the same color after being waxed; and there is no allegation that by the exercise of ordinary care she would have been unable to discover that the floor was dangerous. Her opportunity to see and know the condition of the floor was certainly equal to that of her employer; and there is no allegation that she even so much as looked at the floor and was unable to detect that it was slick from being waxed. Such specific facts must necessarily prevail over the mere conclusion of the pleader that she was injured "without any negligence on her part." *Hendricks* v. *Jones,* 28 *Ga. App.* 335 (111 S. E. 81) ; *Lebby* v. *Atlanta Realty Corp.,* supra; *Banks* v. *Schofield's Sons Co.,* 126 *Ga.* 667 (55 S. E. 939). The allegations of the petition being insufficient to state a cause of action for actionable negligence upon the part of the petitioner's employer, the general demurrer was properly sustained for this reason.

■ The order sustaining the demurrers is general and will be supported by any ground which is sufficient. Any right of action, legal or equitable, which the petitioner may have against the defendant is wholly dependent upon a showing that her employer had become obligated to pay her damages for an injury inflicted because of its actionable negligence; and since we hold that the petition is insufficient to show such negligence, and that it was proper to sus-

tain the demurrer for that reason, it becomes unnecessary to deal with other questions presented by the record.

*Judgment affirmed. All the Justices concur, except Duckworth, J., who concurs specially in the judgment of affirmance, dissenting from the ruling in division one of the opinion; and Wyatt, J., who dissents from the ruling in division two of the opinion, and from the judgment.*