### 42515.  CHAMBERS v. PEACOCK CONSTRUCTION COMPANY et al.

Argued January 4, 1967—Decided April 4, 1967—
Rehearing denied May 2, 1967—

*Reinhardt, Ireland, Whitley & Sims, Glenn Whitley, Jones, Bird & Howell, Earle B. May, Jr.,* for appellant.

*Gambrell, Harlan, Russell & Moye, Charles A. Moye, Jr., David A. Handley, Greene, Neely, Buckley & DeRieux, Burt DeRieux, C. Richard McQueen,* for appellees.

HALL, Judge. ■ Elevator Maintenance, Inc. filed a motion to dismiss the appeal on the ground that it is premature, and cited for its authority *Black v. Miller,* 113 Ga. App. 10 (147 SE2d 57); *Luke v. Ellis,* 201 Ga. 482 (40 SE2d 85); and *Peyton v. Rylee,* 191 Ga. 40 (11 SE2d 195).

The order in the *Black* case, supra, was not appealable for the reason that it did not carry a self-executing provision; that is to say, it did not provide as in the present case that in default of an amendment within the time allowed the petition should stand dismissed. See *Echols v. Time Motor Sales, Inc.,* 111 Ga. App. 554 (142 SE2d 324); *Black v. Miller,* 114 Ga. App. 208 (150 SE2d 466).

The *Luke* case is distinguishable for the reason that it dealt

■

with special demurrers. The *Peyton* case is distinguishable for the reason that it dealt with a motion for new trial. Here we have the sustaining of a general demurrer. Once a general demurrer is sustained as to the merits, the dismissal of the petition automatically follows as a matter of law and no language in the order expressly providing for dismissal is required. *Blackwell v. Ramsey-Brisben Stone Co.,* 126 Ga. 812 (55 SE 968); *Whidden v. City of Thomasville,* 10 Ga. App. 194 (73 SE 45); *O'Neal v. Miller,* 9 Ga. App. 180 (70 SE 971). However, the result is different as to the sustaining of a special demurrer for the reason that the petition whether amended or not remains pending until an express order of dismissal. *Georgia R. &c. Co. v. Kelly,* 150 Ga. 698 (105 SE 300). The granting of leave to amend after the sustaining of a general demurrer is nothing more than "a proposal on the part of the court to withdraw his judgment and revoke *his judgment of dismissal* if the petition already adjudged to be too weak was strengthened to the satisfaction of the court." *Lavenden v. Haseman,* 157 Ga. 275, 279 (121 SE 646). This type of order is treated as a final judgment from the date of its rendition but coupled with the right on the part of the plaintiff to bring about a *re-instatement* of the case by complying with the terms and conditions imposed. *Waller & Co. v. Clarke,* 132 Ga. 830 (64 SE 1096); *Pratt v. Gibson,* 96 Ga. 807 (23 SE 839); *Speer v. Alexander,* 149 Ga. 765 (102 SE 150); *Lavenden v. Haseman,* supra; *Simpson v. Hayes,* 208 Ga. 754 (69 SE2d 567).

It is clear from the above authorities that an order sustaining a *general* demurrer on the merits and providing a self-executing dismissal provision is a final order. If no notice of appeal is filed beforehand, the case is not automatically dismissed until the expiration of the time allowed for amendments and an appeal within thirty days after such date is timely. See *Rochester &c. Leasing Corp. v. Christian,* 109 Ga. App. 818, 821 (137 SE2d 518). If a notice of appeal is filed prior to the expiration of the time allowed for amendments, the appeal is not premature, because by appealing the plaintiff has elected to forego the privilege to amend afforded by the court's order. The notice of appeal was clearly filed "within 30 days" after

the entry of the judgment complained of. *Code Ann.* § 6-803. By any pragmatic standard this appeal is from a final judgment.

The motion to dismiss is denied.

■ A building contractor in possession and control of building premises is bound to take reasonable measures to protect persons on the premises by his invitation from injuries likely to arise from hidden defects in construction or places of unusual danger about the building including a poorly-lit, obscure elevator shaft. *Butler v. Lewman & Co.,* 115 Ga. 752 (42 SE 98). In our opinion the *Butler* case is controlling on the question of a defendant's failure to exercise ordinary care and a plaintiff's duty to exercise ordinary care for his own safety. The Supreme Court, in reversing the sustaining of a general demurrer to the petition held that whether the plaintiff "was exercising ordinary care, and whether the contractors were, in any of the particulars alleged, guilty of negligence which brought about the injuries complained of, were questions for the determination of a jury under proper instructions from the court." P. 758. See also *Columbus Grocery &c. Co. v. Green,* 47 Ga. App. 197 (170 SE 205); *Fulton Ice &c. Co. v. Pece,* 29 Ga. App. 507, 520 (116 SE 57); *Rothberg v. Bradley,* supra; *Wynne v. Southern Bell Tel. &c. Co.,* 159 Ga. 623, 624 (126 SE 388); *Chotas v. J. P. Allen & Co.,* 113 Ga. App. 731 (149 SE2d 527), cert. denied by Supreme Court, 113 Ga. App. 887.

■ Each party argues that it did not owe to the plaintiff a duty of ordinary care because the plaintiff was a mere licensee rather than an invitee. A person is an invitee when he enters the premises for a purpose which is connected with the business conducted on the premises. The duty to keep the premises safe for invitees extends to all portions of the premises which are included within the invitation and which it is necessary or convenient for the invitee to visit or use in the course of the business for which the invitation was extended, and to which he is allowed to go. *Smith v. Jewell Cotton Mill Co.,* 29 Ga. App. 461 (116 SE 17). "If the invitee does not go beyond that part of the premises to which, as the situation reasonably appears to him, the invitation extends, he can not be held to have become a mere licensee because, as a matter of fact, the pur-

poses of the invitation could have been fulfilled without going on such part of the premises." *Coffer v. Bradshaw*, 46 Ga. App. 143, 149 (167 SE 119).

An invitation may arise from known customary use, and it may be inferred from conduct or from any state of facts upon which it naturally and necessarily arises. *Rothberg v. Bradley*, 85 Ga. App. 477, 480 (69 SE2d 293). Such an invitation may cover the right of an invitee to be protected by ordinary care not only upon such portions of the premises as may be necessary for mere ingress and egress, but upon those parts which are necessary or incidental to the mutual business or purposes of the invitation. *Smith v. Jewell Cotton Mill Co.*, 29 Ga. App. 461, supra. Mutuality means that each party is lawfully interested and that there is a common interest or mutual advantage involved in the visit. *Flint River Cotton Mills v. Colley*, 71 Ga. App. 288, 291 (30 SE2d 426).

The facts alleged in the present petition do not show as a matter of law that the plaintiff's entering the building and area of the elevator shaft was not in furtherance of the mutual business and interest of the plaintiff and the general contractor, or that he became a licensee of the general contractor when he stepped into the building under construction to search for the general contractor's superintendent. *Sheffield Co. v. Phillips*, 69 Ga. App. 41, 45 (24 SE2d 834); *Smith v. Jewell Cotton Mill Co.*, supra; *Anderson v. Cooper*, 214 Ga. 164, 169 (104 SE2d 90).

And, subject to all the facts that may appear by evidence, a retail hardware supplier delivering building materials and supplies at the construction site and thereafter going into the building under construction, for the purposes of locating the general contractor's superintendent and reporting the delivery and taking new orders as he had done on several previous occasions, may be an invitee no less than the servant of a company employed by the contractor to do a particular kind of work on a building under repair, to whom as an invitee the contractor was held to owe a duty of ordinary care in the *Butler* case, supra.

The trial court erred in sustaining the general demurrer of Peacock Construction Company.

■ The petition shows that the subcontractor's business on

the premises was the installation and operation of the elevators and that it was working on the elevators in the elevator shaft. It alleges that the plaintiff went to the building site to deliver materials as requested by the "defendants," but it does not show that the plaintiff *entered the building* for a purpose connected with or in furtherance of the subcontractor's alleged business or the common interest of or mutual advantage of the plaintiff and the subcontractor, or that the subcontractor knew of his presence in the building. It does not present an issue that the plaintiff when injured was an invitee of the subcontractor, expressly or by implication.

The petition does not contend that the subcontractor committed any tort against the plaintiff other than negligence. The subcontractor was subject to liability only for wilful and wanton injury to the plaintiff, who was as to the subcontractor no more than a licensee. *Cook v. Southern R. Co.,* 53 Ga. App. 723, 724 (1) (187 SE 274) ; *Code* § 105-402.

The trial court did not err in sustaining the subcontractor's general demurrer.

*Judgment for Peacock Construction Company reversed. Judgment for Elevator Maintenance, Inc., affirmed. Bell, P. J., Jordan, Eberhardt, Deen and Quillian, JJ., concur. Felton, C. J., Frankum, P. J., and Pannell, J., dissent as to jurisdiction.*

FELTON, Chief Judge, dissenting. If I had my way I would hold that an appeal within a time allowed for an amendment (in the absence of which a petition would stand dismissed) was a waiver of the right to file an amendment. However, I think that Supreme Court cases preclude any such result, as I think the discussion in *Peyton v. Rylee,* 191 Ga. 40 (11 SE2d 195) will disclose.

It seems to me that there is no difference between the sustaining of a special and general demurrer in an order which provides for the dismissal of the action in the absence of amendment within the time allowed. The sustaining of a general demurrer, without more, is a dismissal of the action which precludes its subsequent pendency in the trial court. The sustaining of a general or special demurrer providing for automatic dismissal in the absence of amendment *prevents the finality of*

*dismissal* until the expiration of the time allowed for amendment in the absence thereof. Since we are bound by applicable Supreme Court decisions there is no alternative but to follow them.

Frankum, P. J., and Pannell, J., concur in the dissent.