43690, 43691. TAFF v. HARRIS et al. (two cases).

EBERHARDT, Judge. 1. Failure to place guardrails on the entrance porch to a dwelling is not negligence. *Laurens v. Rush,* 116 Ga. App. 65, 70 (156 SE2d 482). It is not an uncommon practice in house construction, and there is no breach of any duty in the adoption of a type of construction that is in general use. The owner of the house is not an insurer of the safety of his guests or of his servants who enter and leave, and the "requirement [that guardrails be installed] would be practically equivalent to insuring the safety of all persons, upon all occasions, by making it impossible to fall from or walk off the platform. . . [T]here was no negligence . . . in failing to provide a guardrail." *Central of Ga. R. Co. v. Floyd,* 3 Ga. App. 257, 259 (59 SE 826). "The fact of the additional allegation that there was no guardrail or banisters on the outdoor step did not change the situation so as to create a dangerous situation and reasonable care did not require the defendant to prevent or remedy the condition." *Butler v. Jones,* 85 Ga. App. 158, 163 (68 SE2d 173).

To authorize a recovery it would have to appear that the porch or entrance, as constructed, was less safe than those provided by ordinarily prudent owners and occupiers of land for their invitees. *Pettit v. Stiles Hotel Co.,* 97 Ga. App. 137 (102 SE2d 693); *Kahn v. Graper,* 114 Ga. App. 572, 575 (152 SE2d 10). And see *Roberts v. Wicker,* 213 Ga. 352 (99 SE2d 84).

2. "[A] servant assumes the ordinary risks of his employment, and is bound to exercise his own skill and diligence to protect himself, and in cases of injury it must appear that the

servant did not know of the danger and had not equal means of knowing such fact, and by the exercise of ordinary care could not have known thereof. *Code* § 66-303; *Ludd v. Wilkins,* 118 Ga. 525 (45 SE 429)." *Holman v. American Auto. Ins. Co.,* 201 Ga. 454, 460 (39 SE2d 850). "If the danger is obvious, and as easily known to the servant as to the master, the latter will not be liable for failing to warn him of it." *Crown Cotton Mills v. McNally,* 123 Ga. 35 (3) (51 SE 13). If the servant "had equal means with the master of discovering the danger, any injury resulting to him would be the result of his own fault." *McDonnell v. Central of Ga. R. Co.,* 118 Ga. 86, 89 (44 SE 840).

3. Where it appeared that plaintiff was employed by defendant to go to defendant's house to do some ironing during an afternoon while defendant was away at work, and that the means of entering and leaving the house was a side door approached by steps leading to an unenclosed porch having no guardrails, 3 x 5 feet and approximately 3 feet from the ground, and that after finishing the ironing plaintiff went out the side door onto the porch and in attempting to close the door, which had swelled from rain during the day, after two efforts to close it, her hand slipped from the door knob, she lost her balance, stepped backward 2 or 3 steps, fell from the porch and broke her leg, no negligence on the part of the defendant was shown and the grant of a summary judgment was proper. Cf. *King v. Central of Ga. R. Co.,* 107 Ga. 754 (33 SE 839); *Cooper v. County of Floyd,* 112 Ga. 70 (37 SE 91); *Harrell v. Mayfield,* 117 Ga. App. 194 (160 SE2d 213).

*Judgments affirmed. Felton, C. J., and Whitman, J., concur.*

ARGUED JUNE 3, 1968—DECIDED NOVEMBER 6, 1968.

*Chas. A. Gower, James Joiner,* for appellants.

*Kelly, Champion & Henson, John W. Denney, J. Norman Pease, Ray Allison, F. L. Champion, Jr.,* for appellees.