## 49999. BATSON-COOK COMPANY v. SHIPLEY.

Argued January 9, 1975 — Decided February 19, 1975 — Rehearing denied March 10, 1975 — ▮

*Allen, Quillian & Willis, Jerry Willis,* for appellant.
*Moore & Morris, Charles E. Moore,* for appellee.

PANNELL, Presiding Judge.

Barricades, as is quite commonly known, are generally used to deter people from moving from one geographical location to another. This is accomplished in two (2) ways, to wit: One, barricades serve as warnings; and two, barricades physically impede the passage of a person from one location to another. A barricade is not usually a scaffold. In the absence of evidence to the contrary, a barricade is not expected to bear the weight of a man, however great or small, when he is working around it. The courts take judicial cognizance of matters of common knowledge and common experience among men. *Southern R. Co. v. Covenia,* 100 Ga. 46 (29 SE 219); *Snider v. State,* 81 Ga. 753 (7 SE 631).

Where an instrumentality is being put to a purpose or use not intended, the owner or person in control thereof is not liable for injuries occasioned thereby, unless he had actual knowledge that it was defective and unsuited for that purpose, and also knew or should have anticipated that it would be diverted to the foreign use. *Culbreath v. Kutz Co.,* 37 Ga. App. 425 (140 SE 419).

The duty of ordinary care that a patron owes to his invitees is the same duty of ordinary care in keeping the premises safe which a master owes to his servant. *Elrod v. Ogles,* 78 Ga. App. 376 (50 SE2d 791). In either case, two elements must exist in order to merit recovery; fault on the part of the owner, and ignorance of the danger on the part of the invitee. Accordingly, the duty which a general contractor, in the circumstances related, owes the subcontractor is to exercise the care of an ordinarily prudent person to prevent him from being exposed to a hazard or hazards other than those that ordinarily attend a person's presence on premises where a building is under construction. *Braun v. Wright,* 100 Ga. App. 295 (111 SE2d 100). The barricade warning of the hole was in this case duly noted by plaintiff and his knowledge of danger encountered was at least as great if not greater than that of the general contractor.

"The basis of the proprietor's liability is his superior

knowledge, and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting in view of his knowledge, assumes the risks and dangers incident to the known conditions." *Rogers v. Atlanta Enterprises,* 89 Ga. App. 903, 906 (81 SE2d 721).

The line of cases holding hidden dangers causing damages to invitees have no validity under the facts in this case. Here, the danger was apparent.

While questions of negligence, proximate cause, and contributing negligence are usually questions for a jury, yet, as here, where it is shown that one who recklessly tests an observed and clearly obvious peril is guilty of a lack of ordinary care, and his own negligence, notwithstanding any accompanying negligence by another, may, under the particular facts, be deemed the proximate cause of his injuries, it will be held as a matter of law that there be no recovery. We hold that the evidence here shows such a plain and palpable case and demands a verdict for the defendant, and that the court below erred in refusing to direct a verdict for defendant.

*Judgment reversed. Quillian and Clark, JJ., concur.*