## 51174. TOLAR CONSTRUCTION COMPANY v. ELLINGTON et al.

ARGUED SEPTEMBER 29, 1975 — DECIDED FEBRUARY 12, 1976 —
REHEARING DENIED MARCH 8, 1976 —

*Neely, Freeman & Hawkins, Richard P. Schultz, William G. Tabb, III,* for appellant.

*Thomas Henry Nickerson, John D. Lowery,* for appellees.

DEEN, Presiding Judge.

The plaintiff's suit is predicated upon the defendant's alleged negligence in requiring him to work in surroundings and under working conditions which were hazardous and dangerous to his safety. To hold the defendant liable in tort he must be in breach of some duty owed to the plaintiff. Code §§ 105-103, 105-104. Here the only duty owed to the plaintiff-invitee by the defendant, who was the general contractor, was to take reasonable measures to protect him from injuries likely to arise from hidden defects in construction or places of unusual danger. *Chambers v. Peacock Constr. Co.,* 115 Ga. App. 670 (2) (155 SE2d 704). Thus if the plaintiff does not know of the danger and has not equal means of knowing such fact, and by the exercise of ordinary care may not know

thereof, a duty devolves upon the defendant to exercise reasonable care to afford protection to the plaintiff. *Holman v. American Auto. Ins. Co.,* 201 Ga. 454 (39 SE2d 850); *Ludd v. Wilkins,* 118 Ga. 525 (45 SE 429); *Taff v. Harris,* 118 Ga. App. 611 (164 SE2d 881). "If the danger is obvious, and as easily known to the servant as to the master, the latter will not be liable for failing to give warning of it." *Crown Cotton Mills v. McNally,* 123 Ga. 35 (3) (51 SE 13). If the servant "had equal means with the master of discovering the danger, any injury resulting to him would be the result of his own fault." *McDonnell v. Central of Ga. R. Co.,* 118 Ga. 86, 89 (44 SE 840).

A study of the cases convinces me that in such a situation, if the plaintiff alleges *no* knowledge of the dangerous condition, a jury question is presented as to his exercise of ordinary care for his own safety. *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259 (174 SE2d 178) (plaintiff "unaware" of the danger); *Mozley v. Beers Constr. Co.,* 97 Ga. App. 217 (102 SE2d 645) (plaintiff stepping backwards into unseen stairwell shaft); *Wynne v. Southern Bell Tel. & Tel. Co.,* 159 Ga. 623 (126 SE 388) (plaintiff with no actual notice of patent defect); *Chambers v. Peacock Constr. Co.,* 115 Ga. App. 670, supra (plaintiff unaware). In these cases, where no knowledge or awareness of the defect is admitted, whether the plaintiff was maintaining a "reasonable lookout" would be for the jury. *Chotas v. J. P. Allen & Co.,* 113 Ga. App. 731 (149 SE2d 527). On the other hand, if the plaintiff acknowledges awareness of the danger, he will be barred from recovery. *Batson-Cook Co. v. Shipley,* 134 Ga. App. 210 (214 SE2d 176) (plaintiff aware of hole); *Braun v. Wright,* 100 Ga. App. 295 (111 SE2d 100) (plaintiff aware of darkness); *McDonough Constr. Co. v. Benefield,* 104 Ga. App. 367 (121 SE2d 665) (plaintiff knew of dangerous condition); *Harris v. Bethel Air Conditioning & Elec. Co.,* 114 Ga. App. 255 (150 SE2d 710) (danger obvious); *Dekle v. Todd,* 132 Ga. App. 156 (207 SE2d 654) (plaintiff cognizant of danger). Other cases have been resolved against the plaintiff, apparently on the theory that the condition causing injury was not an "unusual danger." *Nechtman v. B. Thorpe & Co.,* 99 Ga. App. 626 (109 SE2d 633) (excavations on building site); *Taff v. Harris,* 118 Ga. App. 611

(164 SE2d 881) (porch without guardrails).

The vast majority of the cases denying plaintiff's recovery couch their language in terms of the plaintiff's "failure to exercise ordinary care for his own safety" or because he "assumes the ordinary risks of his employment." All this language means is that when the dangerous condition is seen by the plaintiff, the defendant's duty to protect him ends; the danger is no longer hidden. Thus if a plaintiff is injured by a dangerous condition of which he is aware, the defendant-general contractor is under no duty to the plaintiff and is not guilty of any actionable negligence, there being a duty to warn or protect from only *hidden* or *unusual* dangers. How can a 10 foot by 10 foot hole be "hidden" when the plaintiff acknowledged being aware of it? What is "unusual" about holes in the roof for exhaust fans or skylights in a building under construction?

Here the plaintiff was aware of the dangerous condition which resulted in his injury. That he did not see the hole immediately before his fall does not mitigate his own responsibility for his injury for he was walking backwards by choice on a roof in which he knew there were holes. Being aware of the holes, he was aware of the potential hazards and was also under a duty to use his sight to discover any hole in his backward progress. *Herschel McDaniel Funeral Home v. Hines,* 124 Ga. App. 47 (183 SE2d 7).

I am aware of language in *Garrett v. Royal Bros. Co.,* 225 Ga. 533 (170 SE2d 294), to the effect that the conduct of a defendant cannot be declared to be negligent as a matter of law and that the jury is usually the arbiter of the question of alleged negligence. There is nothing in *Garrett* however to prevent a finding of *no* negligence as a matter of law and where the plaintiff admits in his interrogatory that he was aware of the potential danger, the pleadings have been pierced by a showing that the defendant owes no further duty to the plaintiff with regard to that danger and, not owing the plaintiff any duty, the defendant is not guilty of actionable negligence.

*Judgment reversed. Bell, C. J., Pannell, P. J., Quillian, Clark, Webb and Marshall, JJ., concur. Evans and Stolz, JJ., dissent.*

STOLZ, Judge, dissenting.

The majority opinion appears to be founded upon the theory that the plaintiff's knowledge of the opening in the roof bars his recovery as a matter of law. At the time the plaintiff fell into the opening, he was in the process of spreading a hot tar covering on the roof with a roller. To accomplish his task, it was necessary, for all practical purposes, for the plaintiff to walk backwards, pulling the hot tar and roller.[1] While the plaintiff generally knew about the holes in the roof, he testified that he had not seen the hole into which he fell. The record shows that the defendant, the general contractor on this construction project, was well aware of the openings on the roof and that workers, such as the plaintiff, would be on the roof performing their various duties. Nevertheless, the defendant placed no barricades around the opening in question on the day of the plaintiff's injury. Issues of negligence, contributory negligence, assumption of risks and the like are not susceptible of summary adjudication, but are peculiarly within the province of the jury.[2]

Since I feel that a factual issue is presented which should be resolved by a jury, I would affirm the judgment of the Fulton Superior Court.

I am authorized to state that Judge Evans concurs in this dissent.

---

[1] Obviously, if the plaintiff pushed the hot tar and roller, he would have to walk on the just-rolled hot tar, with the resulting consequences.

[2] For an excellent discussion of the foregoing in a case factually similar to the case at bar, see *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259, 260 (1) (174 SE2d 178). This opinion was written by then Presiding Judge (now Justice) Hall, with concurrences by Bell, C. J., Pannell, P. J., Deen, Quillian and Evans, JJ. Whitman, J. (now deceased) concurred in the judgment. Jordan, P. J. (now Justice) and Eberhardt, J. (now deceased) dissented.