## 31176. ELLINGTON v. TOLAR CONSRUCTION COMPANY.

HALL, Justice.

We granted the application for writ of certiorari to review the decision and judgment of the Court of Appeals in *Tolar Construction Co. v. Ellington,* 137 Ga. App. 847 (225 SE2d 66) (1976) involving the grant of a summary judgment.

### I. Facts

Petitioner, Ben Ellington, is a roofing laborer who was employed by Diamond Roofing Company, a subcontractor at a large construction site near Lexington, South Carolina. The general contractor was Tolar Construction Company, respondent in this action. Ellington sued Tolar for serious injuries sustained on January 20, 1972, when he fell through an unprotected opening approximately ten feet square, in a roof on which he was laying insulation. The roof was approximately 800 feet square. While there is evidence that Ellington was aware of the existence and potential hazard of unprotected holes in the roof, he stated that he was unaware of the particular opening through which he fell. At the time of his accident, he was operating a hot tar spreader over the roof decking, pulling it backwards in order to avoid walking in the hot tar. Holes had been and were being cut in the roof at the time of the injury.

Tolar moved for summary judgment. The trial court denied the motion, but on appeal the Court of Appeals reversed, ruling that Tolar was entitled to summary judgment because as a matter of law Ellington's injury was caused by his own negligence. The issues are (1) negligence of the defendant in failing to take reasonable measures to protect the employees of sub-contractors from injuries resulting from an unreasonable risk of harm, and (2) the failure of the plaintiff to exercise ordinary care for his own safety.

### II. Summary Judgment

The theory underlying a motion for summary judgment or a motion for directed verdict is substantially the same — that there is no genuine issue of material fact

to be resolved by the jury, and that the movant is entitled to judgment on the law applicable to the established facts. Under either motion all inferences are drawn in favor of the nonmoving party. "The mechanics of the two motions, . . . differ at times, as, for example, where the defendant is moving for summary judgment on the ground that plaintiff's claim lacks merit. At trial the plaintiff has the burden of, and must take the initiative in, establishing the prima facie elements of his claim; and, if he does not, the defendant is entitled to a directed verdict. But if the defendant moves for summary judgment on the ground that plaintiff does not have an enforceable claim he has the burden of clearly establishing the lack of any triable issue of fact and must take the initiative of marshalling a record so showing." 6 Moore's Federal Practice 56-74, § 56.04[2] (1976).

There is confusion in this area, and much of it arises from the failure to distinguish among decisions concerning summary judgment, motion for directed verdict or judgment notwithstanding the verdict, and pre-CPA decisions construing the petition against the pleader. These different fact settings govern the apportionment of the burden between the parties, and cases decided on one type motion are not necessarily authority for those arising under another. A further problem is created by some opinions applying the "plain, palpable and undisputable" rule, where the facts show either no negligence or duty on the part of the defendant, or else that the injury was occasioned by an accident, but where the opinion muddies the water by going further in dicta, saying that the plaintiff has failed to exercise ordinary care for his or her own safety.

The Court of Appeals erred in relying on *Batson-Cook Co. v. Shipley,* 134 Ga. App. 210 (214 SE2d 176) (1975) and *Nechtman v. B. Thorpe & Co.,* 99 Ga. App. 626 (109 SE2d 633) (1959), because these cases concern motions for directed verdict and this is a summary judgment case. It also erred in relying on *McDonough Construction Co. v. Benefield,* 104 Ga. App. 367 (121 SE2d 665) (1961) and *Braun v. Wright,* 100 Ga. App. 295 (111 SE2d 100) (1959). Those cases were pre-CPA rulings on demurrers, construing the pleadings against the pleader

and sustaining the demurrers; they have been obsolete since the enactment of the CPA. Code Ann. § 81A-108; *Dillingham v. Doctors Clinic,* 236 Ga. 302 (223 SE2d 625) (1976); *Bourn v. Herring,* 225 Ga. 67 (166 SE2d 89) (1969).

As a general proposition issues of negligence, contributory negligence and lack of ordinary care for one's own safety are not susceptible of summary adjudication either for or against the claimant, but should be resolved by trial in the ordinary manner. *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259, 260 (174 SE2d 178) (1970). The trial court can conclude as a matter of law that the facts do or do not show negligence on the part of the defendant or the plaintiff only where the evidence is plain, palpable and undisputable. *Powell v. Berry,* 145 Ga. 696, 701 (89 SE 753) (1916). "Even where there is no dispute as to the facts, it is however, usually for the jury to say whether the conduct in question met the standard of the reasonable man." *Wakefield v. A. R. Winter Co.,* supra. See also *McCurry v. Bailey,* 224 Ga. 318 (162 SE2d 9) (1968); *Wynne v. Southern Bell Tel. Co.,* 159 Ga. 623 (126 SE 388) (1925). In our opinion two decisions cited[1] in the majority opinion of the Court of Appeals are erroneous and are disapproved by this court. Four summary judgment cases cited[2] in the majority opinion are inapposite here for the reason that the actual holding in those cases was that under the "plain, palpable and undisputable" rule there was no negligence on the part of the defendant. If so, any reference to a lack of ordinary care on the part of the plaintiff for his own safety is dicta, and, as we mentioned in the beginning of this opinion, is clearly irrelevant.

III. Negligence

Negligence is a neutral principle of law, and the

---

[1]*Dekle v. Todd,* 132 Ga. App. 156 (207 SE2d 654) (1974); *Harris v. Bethel Air Conditioning &c. Co.,* 114 Ga. App. 255 (150 SE2d 710) (1966).

[2]*Herschel McDaniel Funeral Home v. Hines,* 124 Ga. App. 47 (183 SE2d 7) (1971); *Taff v. Harris,* 118 Ga. App. 611 (164 SE2d 881) (1968); *McKnight v. Guffin,* 118 Ga. App. 168 (162 SE2d 743) (1968); *Slaughter v. Slaughter,* 122 Ga. App. 374 (177 SE2d 119) (1970).

standard must be equally applied whether it is the alleged negligence of a plaintiff or a defendant. Both the common law and statutes regard conduct involving an unreasonable risk of harm as anti-social conduct. This is the essence of negligence law. Negligence consists of exposing another to whom one owes a duty, or exposing oneself, to a foreseeable unreasonable probability of harm. Reasonable foresight does not require of a plaintiff or a defendant that he anticipate exactly what will happen and exercise perfect judgment to prevent injury. "Not what actually happened, but what the reasonably prudent person would then have foreseen as likely to happen, is the key to the question of reasonableness." 2 Harper & James, Law of Torts, 929, § 16.9 (1974). "Negligence is predicated on faulty or defective foresight rather than on hindsight which reveals a mistake." *Wakefield,* supra, p. 263; *Shockley v. Zayre of Atlanta,* 118 Ga. App. 672, 675 (165 SE2d 179) (1968); *Daneker v. Megrue,* 114 Ga. App. 312 (151 SE2d 157) (1966); *Misenhamer v. Pharr,* 99 Ga. App. 163, 168 (107 SE2d 875) (1959).

In respect to Ellington's lack of ordinary care for his own safety, looking continuously in all directions is not required in all circumstances. "What is a reasonable lookout depends on all the circumstances at the time and place." *Chotas v. J. P. Allen & Co.,* 113 Ga. App. 731, 733 (149 SE2d 527) (1966).

We hold that under the principles cited above, the issues of the defendant's failure to exercise ordinary care and the plaintiff's duty to exercise ordinary care for his own safety are not capable of summary adjudication under the facts as shown in the present records. *Peacock Construction Co. v. Chambers,* 223 Ga. 515, 518 (156 SE2d 348) (1967), affirming *Chambers v. Peacock Construction Co.,* 115 Ga. App. 670, 675 (155 SE2d 704); *Butler v. Lewman & Co.,* 115 Ga. 752 (42 SE 98) (1902); *Wakefield,* supra.

The trial court was correct in denying defendant's motion for summary judgment, and the Court of Appeals erred in reversing the trial court.

*Judgment reversed. All the Justices concur, except Jordan, J., who dissents.*

ARGUED JUNE 16, 1976 — DECIDED JULY 9, 1976.

*Thomas Henry Nickerson,* for appellant.

*Neely, Freeman & Hawkins, Joe C. Freeman, Jr., Richard P. Schultz, Powell, Goldstein, Frazer & Murphy, Robert W. Patrick, Jerry W. Blackstock,* for appellee.

JORDAN, Justice, dissenting.

I voted against the grant of certiorari in this case and accordingly dissent from the judgment of this court reversing the judgment of the Court of Appeals.

This is a tort action involving the usual issues of the defendant's negligence and the plaintiff's duty to exercise ordinary care for his own safety. By a 7-2 vote the Court of Appeals, under the facts of this case, held that "where the plaintiff admits . . . he was aware of the potential danger, the pleadings have been pierced by a showing that the defendant owes no further duty to the plaintiff with regard to that danger and, not owing the plaintiff any duty, the defendant is not guilty of actionable negligence." 137 Ga. App. 849.

This court, by a divided vote, is merely substituting its opinion for that of the Court of Appeals. I respectfully dissent.