### 53629. PUGH v. JORDAN.

BELL, Chief Judge.

Plaintiff sued her 81-year-old mother for damages for personal injury. The complaint alleged a back injury suffered when plaintiff, while lifting defendant's husband and plaintiff's father, from his chair to a walker. The defendant's motion for summary judgment was granted. The only evidence considered was the deposition testimony of plaintiff. She testified that while a guest in her parents' home her 84-year-old father, whose arms were very "shaky" and "weak" atempted to pull himself up from a seated position to a "walker"; that in an effort to assist, plaintiff positioned herself to her father's rear, placed her arms around him to help him up and her left foot on the walker to steady it. Then her right foot slipped and she fell. *Held:*

Plaintiff of course argues that a jury question as to defendant's negligence was presented by the evidence. We need not cite authority for the frequently stated proposition that issues of negligence and contributory negligence are not subject to summary adjudication but should be resolved by jury trial. Nonetheless, the Supreme Court has in *Ellington v. Tolar Const. Co.,* 237 Ga. 235 (227 SE2d 336), reaffirmed the plain, palpable and undisputable rule which applies here. Giving the plaintiff the benefit of every favorable inference from the undisputed facts, it is plain and palpable that defendant was not negligent.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

ARGUED MARCH 1, 1977 — DECIDED APRIL 14, 1977.

*Morgan & Sunderland, Thomas Stanley Sunderland,* for appellant.
*Michael J. Gorby, Donald M. Fain,* for appellee.