## 53539. PHILLIPS v. NOLAN.

Bell, Chief Judge.

Plaintiff brought this suit for personal injury, which arose out of an automobile collision. The complaint

alleged that plaintiff, while on duty as a police officer for the City of Rutledge, Georgia, observed defendant exceeding the speed limit; that plaintiff in his capacity as a policeman pursued the defendant for the purpose of issuing a summons and citation for speeding; that defendant failed to observe the pursuit of plaintiff and continued to operate her automobile at an excessive rate of speed and failed to stop her vehicle, "all in a negligent manner"; that plaintiff then attempted to overtake and pass defendant's automobile, "losing control of his own police automobile" and leaving the roadbed and crashing into an adjacent field; and that defendant's negligent operation of her car at an excessive speed and her failure to stop on the pursuit of plaintiff caused plaintiff's injuries. The depositions of both parties were taken. Plaintiff testified that on the morning of the accident he was stopped in a Rutledge police car which was not marked as a police vehicle and not equipped with a siren but it did have a blue dome rotating light; that he observed the defendant driving down the main street of Rutledge and within the speed limit; that defendant crossed the railroad tracks and made a right turn onto the highway towards Atlanta but failed to obey a stop sign. Plaintiff then gave pursuit at speeds of 75 to 80 miles, blowing his horn and with his dome light flashing. Then plaintiff decided that defendant was not going to stop and he attempted to pass defendant who was in her proper lane. While doing so he lost control of the police car, skidded sideways on the wet grass on the left shoulder. His right rear fender touched defendant's left front bumper and then his vehicle ran into a field. The defendant in her deposition testimony stated that she did not fail to stop at the stop sign; that she drove between 60 and 70 miles an hour after leaving Rutledge; and did hear plaintiff's horn blowing and was unaware that plaintiff was pursuing her until he made impact with her car. The trial court granted defendant's motion for summary judgment. *Held:*

Plaintiff rests his whole case on the theory that defendant's speed and failure to stop was the proximate cause of the loss. Ordinarily issues of negligence, proximate cause, assumption of risk and contributory

negligence are for resolution by a jury. As an exception to this rule, the court can conclude as a matter of law that the facts do or do not show negligence on the part of the defendant or plaintiff only where the evidence is plain, palpable, and undisputable. *Ellington v. Tolar Const. Co.,* 237 Ga. 235 (227 SE2d 336). It is plain and undisputed that defendant was being pursued by plaintiff in an unmarked police car; that plaintiff while driving at a great speed lost control of his vehicle and prior to making any impact with defendant's car; that defendant was in her proper lane of traffic at the time and was driving at an excessive speed. While it is clear that defendant was speeding, her speed and failure to stop very plainly were not the proximate cause of plaintiff's injury.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

ARGUED FEBRUARY 28, 1977 — DECIDED JUNE 7, 1977.

*P. Russell Tarver,* for appellant.
*Webb, Fowler & Tanner, W. Howard Fowler, J. L. Edmondson,* for appellee.