*Beverly H. Nash,* for appellee.

## 49992. CRIDER v. DENNEY.

WEBB, Judge.

On June 29, 1972, John Crider died as the result of a fall from a beam which occurred the previous day while he was working on a building being constructed by J. F. Denney Construction Company, Inc. The State Board of Workmen's Compensation made an award of compensation to Mrs. Crider for the death. She then brought the present wrongful death action against J. Frank Denney, individually, alleging that it was his duty as president of the corporation to see that safety rules, regulations and statutes governing the work were complied with, and that he negligently failed to provide reasonable safety equipment for plaintiff's husband. Defendant answered and asserted, inter alia, that Crider's death resulted from his own negligence and that he had assumed the risk which resulted in his death. The trial court granted defendant's motion for summary judgment, and plaintiff appeals. *Held:*

We affirm. The record shows without dispute that Crider had been employed with the company for seven years prior to his death; that he was a general superintendent and in charge of several different construction jobs, including the one where he was killed; that he was in charge of the means and methods of accomplishing the work and of the personnel performing it; that one of his duties was to see that all the work was performed in a safe manner, and he was responsible for safety on all job sites of which he was the general superintendent; and that he, himself, was the person responsible for safety on the job site where he was killed.

The only evidence as to the occurrence in question is contained in the unchallenged and unrefuted affidavit of Johnny Selman, the foreman on the job site. Selman stated that Crider was his immediate superior, and that "On this day, we were trying to bolt in place a purlin,

which is a part of the steel frame on the building. We were working trying to align this purlin with others which we had already bolted into place so that the bolt could be inserted. John W. Crider was also on the job site at the Solar Set Company building on that day. J. Frank Denney, the president of the J. F. Denney Construction Company, Incorporated, was not present. In the past, John Crider had often climbed up onto the steel beams and framework of a building under construction during the performance of his job. On this day he climbed up in the framework of the Solar Set Company building to assist us in bolting the purlin properly. He was crawling toward our position on his hands and feet, balanced by the second purlin on one side, which was properly bolted down, and a 'C' beam on the other when his left hand slipped off. He tried to recover, and catch himself with his right hand but was unable to do so and he fell to the ground, 20 feet below. To my knowledge, there was nothing on either of the beams which caused John Crider to fall. I know this because I had crawled across the same route at least three times previously that day. John Crider's left hand simply slipped off of the beam he was balancing on and he was unable to catch himself before falling to the ground."

It thus clearly appears that Crider knowingly assumed the risks of attempting to crawl across the beams, and summary judgment was properly entered for defendant. See *Dekle v. Todd,* 132 Ga. App. 156 (207 SE2d 654), which is factually and procedurally similar, and which is dispositive here.

*Judgment affirmed. Bell, C. J., and Marshall, J., concur.*

SUBMITTED JANUARY 6, 1975 — DECIDED JANUARY 17, 1975.

*Dunaway & Perry, Marson G. Dunaway, Jr.,* for appellant.

*Matthews, Walton, Smith, Shaw & Maddox, Oscar M. Smith,* for appellee.